Marie Ingersoll, Administratrix of the Estate of Wayne Ingersoll, Deceased, Plaintiff-Appellant, v. Walter Robert Klein, Also Known as Bob Klein, Individually and as Special Administrator of the Estate of William Klein, Deceased, Defendants-Appellees.

Gen. No. 68–108.

Second District.

February 25, 1969.

J. Edward Jones, of Blue Island, for appellant.

Gunner and Keller, of Dixon, for appellees.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Plaintiff appeals from an order dismissing her complaint for wrongful death. The complaint alleges an action under the laws of Iowa. The order dismissing the complaint states that the right of action of the plaintiff is to be determined by reference to the law of Illinois rather than the law of Iowa.

The plaintiff urges procedural error as well as error in the determination of the applicable law.

The complaint contains four separate counts in which the plaintiff alleges the right to recover from the defendants for the death of Wayne Ingersoll, which occurred by drowning on January 12th, 1963, in the Mississippi River. Count I of the complaint alleges a violation of chapter 321.494 of the Iowa Code.[1] This count charges

---

[1] "The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire unless damage is caused as a result of the driver of said motor vehicle

the defendant, Walter Robert Klein, with "reckless operation" of an automobile in driving on the ice on the surface of the Mississippi River, alleged to be frozen over and safe for driving, except where there were air pockets. It is further alleged that at a point near the Iowa bank of the river, the exact location of which is not known to the plaintiff, there was an air pocket under the ice which was known to the defendants.

A second count of the complaint charges the same defendant, Walter Robert Klein, with driving a vehicle under the influence of intoxicating liquor in violation of the same Iowa statute referred to in count I.

The third count of the complaint is directed against William C. Klein, the father of Walter Robert Klein, on the theory that he was liable for his son's acts causing the death. This count is based upon chapter 321.493 of the Iowa Code.[2]

Count four of the complaint is also directed against the defendant, William C. Klein, and based upon allegations contained in other counts.

Defendants first filed an answer denying that Iowa law was applicable to the case and also filed interrogatories to be answered by the plaintiff. There was no further activity in the case until almost two years later when plaintiff filed a notice and motion to obtain leave to answer interrogatories and requesting that the court strike the answer of the defendants for the reason that it was not verified and contained general issues. Plaintiff was given leave to file an answer to interrogatories, and defendants' answer was ordered stricken with leave to file an amended answer. Several days later, on oral

being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle."

[2] "In all cases where damage is done by any car by reason of the negligence of the driver, and driven with the consent of the owner, the owner of the car shall be liable for such damage."

motion of the attorneys for the defendants and without notice to the plaintiff, the order was modified to provide that the defendants might answer *or plead* within the time granted. The defendants filed a request for admissions of facts and the plaintiff admitted the following facts:

"1. That the plaintiff and all that may benefit from the law suit reside in Illinois.

"2. That the deceased Wayne Ingersoll at the time of his death and immediately prior thereto was a resident of Illinois.

"3. That the deceased Wayne Ingersoll met his death by drowning in the Mississippi River."

Thereafter, defendants filed a motion to strike and dismiss the complaint. In that motion the defendants requested that the court strike the paragraphs of the complaint making reference to Iowa law, alleging that the State of Iowa had no significant interest in the suit and alleging that the State of Illinois had significant interests. Thereafter, defendants amended their motion to set up the restrictions contained in chapter 70, section 2 of the Ill Rev Stats 1961,[3] providing generally that no ac-

[3] "2. Plaintiffs in action—Beneficiaries—Amount of damages— Distribution—Limitation of actions—Right of action outside of state—Next of Kin—Contributory negligence.) § 2. Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person and in every such action . . . .

". . . Provided, further, that no action shall be brought or prosecuted in this State to recover damages for a death occurring outside of this State where a right of action for such death exists under the laws of the place where such death occurred and service of process in such suit may be had upon the defendant in such place. . . .

"As amended by act approved July 8, 1957. L 1957, p 1939."

tion shall be brought or prosecuted in Illinois to recover damages for death occurring outside of the State of Illinois.

The court subsequently entered an order holding that the cause of action might be prosecuted in the State of Illinois, but also ·finding that the laws of the State of Illinois, rather than the laws of the State of Iowa, determine the rights of the parties. An order dismissing the complaint was entered and the plaintiff was given leave to file an amended complaint. Before the time allotted, plaintiff moved and obtained an order to amend the complaint by substituting the personal representative of the defendant, William Klein, as a defendant in the suit, suggesting the death of Klein; and plaintiff further elected to stand on her complaint as amended.

We will approach the procedural question first. Plaintiff argues that by filing an answer to the complaint the defendants have admitted the sufficiency of the complaint. They further argue that since the order as originally entered gave leave to file an amended answer, it was not proper to get leave from the court to plead rather than answer without having given notice in advance to the plaintiff. (A further portion of the procedural argument is directed at defendants' amended motion referring to chapter 70, section 2, supra, but defendants have conceded that this portion of the statute is unconstitutional under the full faith and credit clause of the U. S. Constitution, under a U. S. Supreme Court ruling on a similar provision. The defendants state that they no longer rely upon that portion of their amended motion to strike.)

 Plaintiff's argument that the defendants by first answering have irrevocably admitted that the complaint states a cause of action is not persuasive. The Civil Practice Act expresses a purpose to construe pleadings and amendments liberally with a view to doing substantial justice between the parties and determining cases according to the substantive rights of the parties, con-

334

sistent with fair and orderly procedures. See Ill Rev Stats 1965, c 110, §§ 4, 33, 46. The trial court acted within its discretion under the Civil Practice Act, in permitting the defendant, after the answer had been stricken on the motion of the plaintiff for technical deficiencies, to further plead by way of motion. The question of the nonapplicability of the Iowa law set forth in the complaint was raised in the answer and the plaintiff has not shown in what manner she has been damaged or has lost any rights by allowing the motion to dismiss to be filed. Morris v. Goldthorp, 390 Ill 186, 189, 60 NE2d 857 (1945); Kovalik v. Baldwin, 3 Ill App2d 210, 212, 121 NE2d 53 (1954). While in the authorities cited the court granted defendant leave to withdraw his answer, and in the instant case the answer was stricken on motion of the other party, we can make no meaningful distinction based on those differences.

■ Plaintiff has properly complained of the action of the defendants in securing a change in the language of the order dismissing the answer by ex parte application to the court below. We most strongly disapprove of such conduct. However, under the circumstances of this case we can find no such damage to the plaintiff by this conduct that would justify the striking down of the motion.

An issue has also been raised as to whether the motion to dismiss was sufficient to properly raise the dispute of applicable law. While the motion is not labeled, defendants contend that the motions made under section 45 of the Civil Practice Act could equally be considered proper under section 48(1) of the Civil Practice Act, and that their request for admissions of fact can be used as an affidavit in connection with such motion. Plaintiff argues that the matters relied upon by the defendants to contest the applicable law do not appear on the face of the complaint and that, therefore, the motion that defendants have made is under section 48. Plaintiff continues that such motion is incorrect as the ground con-

335

tested does not fall under any of the enumerated sections of section 48, supporting his position with the case of Hansen v. Raleigh, 391 Ill 536, 63 NE2d 851 (1945).

■ That case lends support to the proposition that affidavits cannot properly be considered on the motion made under the provisions of section 45. But section 48 is intended to supplement section 45. (See Smith-Hurd Illinois Annotated Statutes, chapter 110, section 48, page 354.) Both sections presuppose that the moving party considers a pleading attacked to be so insufficient as to obviate further pleading (Barrett v. Continental Ill. Nat. Bank & Trust Co. of Chicago, 2 Ill App2d 70, 118 NE2d 631 (1954)), and a motion to dismiss may be properly sustained whether it be regarded as filed under section 45 or under section 48 where the motion points out particular defects which render the complaint insufficient. See Greenberg v. Waukegan-Caldwell Bldg. Corp., 27 Ill2d 620, 624, 190 NE2d 335 (1963).

■ It is noted that section 48, subsection (i) of the Civil Practice Act was added subsequent to the decision in Hansen v. Raleigh (supra). Section 48 provides for a motion to be pleaded where "the claim or demand asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim or demand." (Subsection i.) We believe this to be sufficiently broad to encompass the basic issue as to which state's law is to apply to the action.

We consider next the merits of the judge's ruling on the motion. We consider the well pleaded facts admitted by the motion to be as follows: The plaintiff as administratrix is a resident of Illinois and the Estate is pending in Illinois; the deceased was a resident of Illinois at the time of his death; the accident occurred in that part of the Mississippi River in the territorial jurisdiction of the State of Iowa (a disputed fact but well pleaded and therefore presumed to be true) ; the suit has been brought in the Illinois court for wrongful death of the decedent;

the defendants are Illinois residents. The request for, and the admissions of fact add the additional circumstance that all persons who may obtain any benefit from the lawsuit are residents of Illinois. It further appears from the answer to interrogatories that the sole eyewitness, Walter Robert Klein, is a resident of Illinois, the people arriving on the scene were Illinois residents, the photographer was an Illinois resident, the people having knowledge of the defendant's intoxication were Illinois residents, that places where defendant drank prior to the incident were Illinois establishments, that deceased worked in Illinois and that all of the next of kin of decedent were Illinois residents.

██ We are of the opinion that the record establishes that Illinois has the most significant relationship with the occurrence and with the parties to the occurrence, while the only contact with the State of Iowa is the alleged situs of the decedent's death; and that the application of the Illinois Wrongful Death Act with reference to its residents should not offend the comity of interstate relationships between the states of Illinois and Iowa. While we are urged by plaintiff to apply the mechanical rule of the lex loci delicti, for the reasons which we have indicated in the majority opinion in Graham v. General U. S. Grant Post No. 2665, 97 Ill App2d 139, 239 NE2d 856 (1968), we are not so inclined. We believe that the choice influencing considerations which we there referred to, when applied to the admitted facts in the case, dictate that the cause of action here should be determined under Illinois law.

The parties are all residents of Illinois and no citizen of Iowa is involved so that no harm is involved to the interests of Iowa by the selection of applicable law. The law of the forum differs from that of Iowa in the areas of recovery limits, nature of the proof and owners' liability, and Illinois therefore advances its interest in applying its policy determinations to its residents appearing in its

337

courts. Only the last event occurred in Iowa while it is apparent that much of the conduct leading to that event occurred in Illinois, and was witnessed by Illinois residents.

Illinois, as both the forum state and the domicile of potential beneficiaries, has a more significant interest in the recovery of damages for wrongful death than does Iowa, whose only interest arises from the fortuitous occurrence of the accident in that state.

We, therefore, affirm.

Affirmed.

DAVIS, J., concurs.

MORAN, J., dissents:

In the case of Graham v. General U. S. Grant Post No. 2665, 97 Ill App2d 139, 239 NE2d 856 (1968), the majority opinion gave the Illinois Dram Shop Act (Ill Rev Stats 1965, c 43, § 94 et seq.) extraterritorial life by applying its provisions beyond our state border to an accident occurring in the State of Wisconsin. After doing so, it then became necessary to depart from the lex loci delicti commissi rule followed by our Supreme Court, and the majority did so.

In the instant case, although the question of extraterritorial jurisdiction of the Wrongful Death Act (Ill Rev Stats 1961, c 70, §§ 1 & 2) was not raised, still the question of whether the Act is applicable is present. In effect the trial court extended the Act into Iowa where the incident took place. It should be noted that this holding took place before this Court decided the Graham case, supra. Regardless, the application of the rule of lex loci delicti is the main question presented herein.

While I concur with the opinion as it relates to the procedural holdings, I must dissent from the majority's view

as it pertains to the question of the substantive law involved.

Where the issue is one of procedure, the law of the forum will apply; however, if the issue is one of substantive rights of the parties, then the lex loci delicti or law of the place of the wrong generally governs, except where to do so would be contrary to the public policy of the forum. Marchlik v. Coronet Ins. Co., 40 Ill2d 327, 329–330, 239 NE2d 799 (1968); Millsap v. Central Wisconsin Motor Transp. Co., 41 Ill App2d 1, 8, 239 NE2d 285 (1963). Further, if the foreign law sought to be enforced is different than the law of the forum, this in and of itself does not make it unenforceable as against public policy, Marchlik case, supra, page 333.

The defendant has not shown the Iowa law, upon which the plaintiff seeks recovery, to be against the public policy of Illinois; therefore, the Iowa law should be enforced.

For the reasons stated above, I would reverse and remand.