RICHARD P. BLAZER, Plaintiff-Appellant, *v.* REXIE L. BARRETT, Defendant-Appellee.

(No. 71-380; ▮▮▮▮▮▮▮▮

Second District—April 4, 1973.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

William Elman, of Elman & Ehardt, of Harvard, for appellant.

Caldwell, Berner & Caldwell, of Woodstock, for appellee.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

Plaintiff appeals from an order denying Count II of his Amended Complaint for personal injuries.

The plaintiff was allegedly struck by the semi-truck of the defendant shortly after midnight as he was walking south on the west side of highway 14 in Walworth County, Wisconsin, approximately 1300 feet north of the Illinois State line. A large west coast type rear vision mirror was found on the ground at the scene of the accident two feet off of the west side of highway 14. The defendant was arrested by Wisconsin police officials near Bigfoot, Wisconsin, for "hit and run" one-half hour after the accident. He stated he lived in Harvard, Illinois, and was going to "Hebron, Wisconsin." At the time of his arrest the west coast rear vision mirror on the left side of his truck was missing. The same type of mirror was attached to the right side of his truck. He subsequently pleaded guilty to the charge of "hit and run" in Wisconsin and paid a fine of $100 and costs.

The plaintiff filed his complaint for damages in Illinois, relying upon the Wisconsin doctrine of comparative negligence. The original complaint was stricken and subsequently the plaintiff filed an amended com-

plaint with two counts. The first count followed the Illinois law alleging freedom from contributory negligence. He re-alleged the original complaint in Count II pleading a complaint sufficient at law in the State of Wisconsin, which did not allege freedom from fault. Defendant again renewed his motion to dismiss Count II. A counter motion was filed by the plaintiff asking for reconsideration of the earlier ruling. An order was entered by the trial judge denying plaintiff's motion and granting defendant's motion to dismiss Count II of the Amended Complaint. From this order the plaintiff appeals.

The sole issue presented to this court is whether the law of Wisconsin or the law of Illinois applies to the factual situation herein. It appears that both parties admit that the occurrence was in Wisconsin, and all parties have at all times been Illinois residents. Both plaintiff and defendant came from Illinois that evening. The suit brought in the Illinois court, for personal injuries sustained in Wisconsin by the plaintiff, seeks to have the Wisconsin law on comparative negligence applied.

In *Ingersoll v. Klein* (1969), 106 Ill.App.2d 330, 245 N.E.2d 288, this court considered a similar factual situation. This was an action for wrongful death, all of the parties resided in Illinois, and the death occurred on the Iowa side of the Mississippi river. The trial court held that the law of Illinois applied. The Appellate Court of this district adopted the "most significant contacts" rule and held at page 292:

> "Illinois, as both the forum state and the domicile of potential beneficiaries, has a more significant interest in the recovery of damages for wrongful death than does Iowa, whose only interest arises from the fortuitous occurrence of the accident in that state."

The Supreme Court affirmed *Ingersoll* (1970), 46 Ill.2d 42, 262 N.E.2d 593, 596, and stated at page 48:

> "The only basis for applying the Iowa statutes is that the State of Iowa is the alleged situs of the decedent's death. Under the doctrine of *lex loci delicti* the situs of death would be the only consideration in the selection of the applicable law. The arbitrary nature of the doctrine is quite evident in this case where determination of the applicable law is based upon what spot in the Mississippi River the decedent met his death. Realization of unjust and anomalous results which may ensue from an application of *lex loci delicti* leads us to believe that a 'most significant contacts' rule best serves the interests of the State and the parties involved in a multi-State tort action. The record in this case clearly establishes that Illinois has the most significant contact with the action."

The Supreme Court in *Ingersoll* considered the growing dissatisfaction

with the application of the doctrine of *lex loci delicti* and as indicated applied the most significant contacts rule. In recent years it would appear that both in Illinois and in other states, the most significant contacts rule has emerged as the better doctrine for occurrences such as we find here.

Plaintiff urges that *Ingersoll* is not controlling as it should not be applied retrospectively. In support of this contention he states that the instant complaint was filed on December 17, 1969, and the Supreme Court opinion was published in May of 1970. The basic concept in not applying retrospectively any judicial doctrines is that the party or parties have relied upon the existing legal precedent or concept. That is not the situation before us.

Our opinion was rendered on February 25, 1969 which was prior to the occurrence herein. As indicated above, in that opinion we held that the most significant contacts rule applied to a factual situation such as the one herein. It can scarcely be said then that the defendant relied upon prior existing precedent when that decision had been rendered some ten months prior to the accident which is the subject matter of the instant suit.

The plaintiff urges as a basis for applying the *lex loci delicti* rule that the witnesses are in Wisconsin. On the other hand, the plaintiff was taken to two Illinois hospitals and treated by at least one Illinois doctor. Under the circumstances of this case where we have an Illinois resident suing another Illinois resident in an Illinois court we see no reason why we should depart from the doctrine adopted by this court in *Ingersoll* and subsequently approved by the Supreme Court of this State. It is true the Supreme Court stated in *Ingersoll* that the doctrine of *lex loci delicti* should be applied where hardship would result. The only benefit the plaintiff would have, if the comparative negligence doctrine of Wisconsin were applied, would be that the degree of proof would not require that he show freedom from contributory negligence. That is not, in this court's opinion, the hardship referred to by the Supreme Court in *Ingersoll* which would require the application of the doctrine of *lex loci delicti*.

The judgment of the trial court in dismissing Count II of the Amended Complaint is affirmed.

Affirmed.

ABRAHAMSON and SEIDENFELD, JJ., concur.