FRANCES CARDIN, Plaintiff-Appellant, *v.* BARBARA CARDIN, Defendant-Appellee.

(No. 57508; ▮▮▮▮▮▮▮▮▮▮▮▮

First District (1st Division)—July 30, 1973.

*Rehearing denied September 11, 1973.*

Jerome M. Brooks, of Chicago, for appellant.

James J. Hoffnagle and Arthur A. Sullivan, both of Chicago, (Taylor, Miller, Magner, Sprowl & Hutchings, of counsel,) for appellee.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

On May 28, 1967, Barbara Cardin (defendant) was driving her automobile in a southerly direction on Route 41 in the State of Wisconsin.

Frances Cardin (plaintiff), her mother, had accompanied her and the two ladies were returning to their home in Illinois. Plaintiff occupied the front seat beside her daughter. A collision with another automobile occurred and plaintiff was injured. On December 12, 1967, she filed this suit seeking damages. A jury returned a verdict for defendant. The trial court denied plaintiff's post-trial motion and she has appealed.

Plaintiff's complaint alleged that she was a passenger in defendant's vehicle. Five charges of negligence by defendant were alleged. No allegations were made in the complaint as to whether the law of Illinois or Wisconsin should govern the rights of the parties beyond the allegation that the mishap occurred within Wisconsin.

On June 10, 1970, defendant filed a motion for summary judgment on the theory that she had not been negligent. This motion was supported by lengthy excerpts from the discovery depositions of both parties. On July 9, 1970, plaintiff filed a reply to this motion. She analyzed the evidence in the depositions regarding the showing of negligence and further stated that the action was "* * * brought under the law of the State of Wisconsin, where there is no Guest Statute and the law of comparative negligence prevails." The motion was denied.

At the trial, at the close of all the evidence, defendant moved orally for a directed verdict on the ground that the complaint was insufficient in law. The court stated that this motion would be allowed. The court then granted plaintiff permission to file an amendment to the complaint. This was filed on February 8, 1972, designated Count II. It alleged that plaintiff was a passenger in the vehicle and that defendant was guilty of wilful and wanton conduct in five specified charges. A written motion by defendant for directed verdict on Count II at the close of all the evidence was denied. The cause was submitted to the jury only on the wilful and wanton conduct theory expressed in this amendment to the complaint. Actually, the proof showed that plaintiff's legal status was that of guest, as distinguished from a passenger. See *Miller v. Miller*, 395 Ill. 273, 69 N.E.2d 878.

Plaintiff's post-trial motion prayed for an order directing the issue of liability in favor of plaintiff on the negligence count and submitting the cause to the jury on the issue of damages only; or, alternatively, for a new trial. The post-trial motion urged that the court should have applied the law of Wisconsin rather than the law of Illinois.

In this court, plaintiff contends that the trial court erred in applying the law of Illinois but should have applied the law of Wisconsin to avoid hardship to plaintiff; defendant waived the right to application of law of Illinois by failure seasonably to request this and the court erred in failing to direct a verdict on liability in favor of plaintiff at the close of all

the evidence. In response, defendant urges that the trial court correctly applied the law of Illinois because that state had most significant contacts with the situation at bar; defendant's motion for directed verdict at the close of all the evidence was actually not a motion for judgment on the pleadings and was timely made and the evidence showed that defendant was not guilty of wilful or wanton misconduct or negligence and supports the verdict of the jury.

In our opinion, the single virtually dispositive issue here is whether the law of Wisconsin or of Illinois should be applied. When plaintiff sustained her injuries on May 28, 1967, the Illinois Vehicle Code barred her recovery except for wilful and wanton misconduct by defendant. (Ill. Rev. Stat. 1967, ch. 95½, par. 10—201.) There was no such legislation in Wisconsin. Also on that date, prior to the decision in *Ingersoll v. Klein*, 46 Ill.2d 42, 262 N.E.2d 593, Wisconsin law would have been applied in accordance with the doctrine of *lex loci delicti*. However, the application of this principle was terminated by *Ingersoll* which replaced it with the rule of "most significant contacts." *Ingersoll* sets out the rationale and the method of applying the new rule. The decision in *Ingersoll* was originally filed on March 24, 1970, and the opinion of the court, as modified on denial of rehearing, was filed October 7, 1970. Thus, we have a situation in which the change in the law promulgated by *Ingersoll* occurred after plaintiff was injured (May 28, 1967) and after plaintiff had filed her suit (December 12, 1967) but before the trial of the cause (February, 1972). We note also that *Ingersoll* affirmed a decision of the Appellate Court of Illinois filed February 25, 1969. *Ingersoll v. Klein*, 106 Ill.App.2d 330, 245 N.E.2d 288.

■■ In the case at bar, it seems that Illinois is actually the state with the "most significant contacts." Both parties live in Illinois and had left the state only for a short trip. The mishap occurred while they were returning to their home. Thereafter, plaintiff spent a very short time in a hospital in Wisconsin and then returned to Illinois for additional hospitalization and medical attention. But, the case presents an additional element.

■■ The problem arises from the following statement in *Ingersoll*, (46 Ill.2d at 49):

> "We are aware that the views expressed herein may create hardship in other cases filed in reliance upon the doctrine of *lex loci delicti*. In such cases where hardship would result, the rules expressed herein shall not apply. See: *Molitor v. Kaneland Com. Unit Dist.*, 18 Ill.2d 11, 27 and cases cited therein."

Were it not for this pronouncement, our path would be clear. In

*People ex rel. Bauer v. Water Com.,* 20 Ill.2d 139, 144, 169 N.E.2d 350, the Supreme Court held:

> "Equally familiar is the rule that even if a judgment has been entered and a cause is pending on appeal, the reviewing court must dispose of the case under the law in force when its decision is rendered. *Dolan v. Whitney,* 413 Ill. 274; *People ex rel. Eitel v. Lindheimer,* 371 Ill. Ill. 367; *Merlo v. Johnston City and Big Muddy Coal and Mining Co.,* 258 Ill. 328."

Consequently, we must determine the meaning of "hardship", as used in *Ingersoll,* within the context of the circumstances here revealed. Plaintiff contends here that the application of *Ingersoll* and disposition of this case under Illinois law would create a hardship. She urges that her complaint was drawn in reliance upon the law as it then existed. She points out that trial of her case was delayed only because of the crowded condition of the trial court docket. She urges that the ruling of the court required her to rely upon proof of wilful and wanton conduct upon the day of trial and that all of these factors imposed a hardship upon her in a very actual and unfair sense.

On the contrary, defendant urges that Illinois is actually the state with the most significant contacts. Both parties live in Illinois and had left the state only for a short trip. The mishap occurred while they were returning to their home. Actually, plaintiff spent a very short time in a hospital in Wisconsin and then returned to Illinois for later hospitalization and medical attention. Defendant thus contends that the trial court acted properly in applying the law of Illinois.

■■ We do not see how the force and logic of plaintiff's arguments can be overcome. Plaintiff relied upon applicability of the law of Wisconsin when she filed her suit on December 12, 1967. The appellate court opinion in *Ingersoll* was not filed until more than 14 months later. The Supreme Court opinion was not finalized and filed until more than two years and nine months later. It would seem obvious that requiring plaintiff to prove wilful and wanton conduct by defendant would be a legal hardship as compared to the necessity of proving simple negligence. It would be reasonable for practicing lawyers to read the *Ingersoll* opinion of the Supreme Court and to conclude that because of the presence of such hardship the new rule there adopted would not be applied to this cause.

This situation should be contrasted to that presented in the decision of the Appellate Court (Second District) in *Blazer v. Barrett,* 10 Ill.App. 3d 837, 295 N.E.2d 89. There, the court, in accordance with *Ingersoll,* applied the law of Illinois to a situation in which a pedestrian from

Illinois was struck by a motor vehicle, driven by another resident of Illinois, in Wisconsin. The court pointed out that "The only benefit the plaintiff would have, if the comparative negligence doctrine of Wisconsin were applied, would be that the degree of proof would not require that he show freedom from contributory negligence." (10 Ill.App.3d at 839.) On the contrary, in the case at bar, application of the law of Illinois with the requirement that plaintiff prove wilful and wanton conduct as a condition precedent to recovery would definitely impose a legal hardship upon plaintiff. Also, in *Blazer*, the suit was filed after the appellate court decision in *Ingersoll*. In the case at bar, plaintiff filed her suit before that decision.

We therefore hold that the case before us should not have been submitted to the jury upon instructions which required proof of wilful and wanton conduct by plaintiff. Also, upon examination of the record, we conclude that the evidence presented an issue of fact for the jury to determine under proper instruction. Plaintiff is entitled to a new trial for adjudication of her claim under the law of the State of Wisconsin. The judgment is accordingly reversed and the cause is remanded to the trial court for further proceedings not inconsistent with the above opinion.

Judgment reversed and cause remanded with directions.

BURKE, P. J., and EGAN, J., concur.