HERMAN NARAMORE, Plaintiff-Appellant, v. MOODY COLQUITT, Defendant-Appellee.

(No. 57435;

First District (5th Division)—November 21, 1973.

Beermann, Swerdlove, Woloshin and Barezky, of Chicago (Miles N. Beermann, of counsel), for appellant.

Jacobs, Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, of counsel), for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiff appeals from the denial of the court below to reconsider the striking of Count II of his complaint; the denial for leave to refile Count II and the denial of his post-trial motion asking for a new trial based upon the court's refusal to allow plaintiff to proceed under Count II of his complaint.

On September 3, 1966, in Madisonville, Kentucky, plaintiff, while a guest passenger in an auto driven by defendant, was seriously injured after defendant lost control of his vehicle causing it to strike a dividing island and overturn in a field. Both parties were Illinois residents and intended to, and did in fact, return to Illinois. On March 1, 1967, plaintiff filed his complaint against defendant in the circuit court of Cook County, charging defendant with acts of negligence and wilful and wanton misconduct. In August, 1971, defendant filed a motion to strike the complaint, asserting the complaint improperly commingled two theories of recovery in a single count and, since plaintiff was a guest passenger, allegations of negligence were irrelevant and improper. On August 19,

1971, the complaint was stricken with leave given to file an amended complaint. On August 26, an amended complaint was filed alleging wilful and wanton misconduct in Count I and negligence in Count II.

Defendant moved to strike Count II, based upon the fact that the Illinois Guest Act[1] required a showing of wilful and wanton misconduct and that the parties were constrained to follow Illinois law due to the fact that it had had the most significant contacts to the action (*Ingersoll v. Klein*, 46 Ill.2d 42, 262 N.E.2d 593, filed on March 24, 1970, rehearing denied October 7, 1970). Count II of plaintiff's amended complaint was struck, after which plaintiff filed a motion to reconsider the order and requested leave to refile Count II. This motion was denied.

After the case was assigned for trial, plaintiff reasserted his motion, which was again denied. Thereafter, the cause proceeded to trial on the wilful and wanton misconduct count and concluded in a verdict for defendant. Plaintiff then filed a post-trial motion, seeking a new trial based upon the court's error in the denial of the above motions. The post-trial motion was also denied.

OPINION

In the intervening period between the filing of the original complaint and the subsequent amended complaints, the Illinois Supreme Court had decided *Ingersoll v. Klein, supra,* overruling existing Illinois conflicts of law rules and enunciating that Illinois would follow the "most significant contacts" rule. (Restatement of the Law, Second, Conflicts of Law, §§ 145, 146.)

The thrust of plaintiff's appeal, therefore, concerns itself with the applicability of *Ingersoll* to his case. Plaintiff contends *Ingersoll* should be given prospective effect only, thereby, as we construe plaintiff's argument, limiting its effect to occurrences arising *after* the date of the decision. As a consequence, plaintiff argues, he should be governed by the law as it existed when the original complaint was filed. In 1967, the conflicts of law rule, as it applied to tort cases, was *lex loci delicti* (*Bassi v. Morgan,* 60 Ill.App.2d 1, 208 N.E.2d 341). Accordingly, Illinois would have applied the law of the state (Kentucky) where the injury occurred, rather than the law of the forum. Kentucky had no Guest Act and allegations of ordinary negligence by a guest passenger against his driver were a sufficient basis for recovery (*Vernon v. Gentry* (Ky. 1960), 334 S.W.2d 266). Illinois, at the time of plaintiff's filing, precluded recovery for guest passengers in the absence of wilful and wanton misconduct. Plaintiff correctly asserts, therefore, that at the time of the injury

---

[1] Ill. Rev. Stat. 1965, ch. 95½, par. 9—201.

and when the complaint was filed, Illinois would have applied the laws of Kentucky and, as a consequence, a count of ordinary negligence would have been sufficient at law.

■■ Clearly, courts have the inherent power to declare that their decisions will not be applied retroactively. (*Grasso v. Kucharski*, 93 Ill. App.2d 233, 236 N.E.2d 262.) Nevertheless, we find no language in *Ingersoll* that would lead us to the above conclusion. Traditionally the view has been that courts do not make the law but merely declare it, thus, an overruling decision does not change the law but declares it to have never been the law. (Blackstone's Commentaries on the Law of England, Jones ed. § 83.) However, modern decisions, taking a more pragmatic view, have recognized the power of a court to hold that an overruling decision is prospective only. (See, Shaefer, "The Control of 'Sunbursts': Techniques of Prospective Overruling", 46 N.Y.U.L. Rev. 631 (1971).)

The last paragraph of the *Ingersoll* decision states:

> "We are aware that the views expressed herein may create hardship in other cases filed in reliance upon the doctrine of *lex loci delicti*. In such cases where hardship would result, the rules expressed herein shall not apply. See: *Molitor v. Kaneland Community Unit Dist.*, 18 Ill.2d 11, 27 and cases cited therein."

Plaintiff thereby argues that *Ingersoll's* reference to *Molitor* (wherein prospective only application was made) dictates that *Ingersoll* should have the same application.

In support of his position, plaintiff cites two post-*Ingersoll* cases claiming both, inferentially, apply *Ingersoll* prospectively only. In *Johnson v. Ward*, 6 Ill.App.3d 1015, 286 N.E.2d 637, plaintiff, an Illinois resident, was injured in Wisconsin while a passenger in an automobile driven by defendant. The trial there, however, was pre-*Ingersoll* and, moreover, both sides agreed that matters of substance were to be controlled by the place of injury. Accordingly, on appeal, no questions were raised as to the applicability of *Ingersoll*.

In *Farmers Insurance Group v. Harris*, 4 Ill.App.3d 372, 279 N.E.2d 789, two Illinois residents were struck and killed in Arkansas by a vehicle driven by an Arkansas resident. The recital of this case is inapposite insofar as the decision deals with an agreement to arbitrate under an automobile insurance policy and the right to seek declaratory relief.

Albeit the import of *Ingersoll* in the above regard is unclear, we can only surmise that had the court in *Ingersoll* desired to give its decision prospective effect only, it would have done so expressly. The position taken by plaintiff is not consistent with the court's language, whether it be the law of the case or dictum. In our opinion, the language contained

in the concluding paragraph evidences a recognition that the decision would be given retroactive effect *but for* instances where "hardship would result". In fact, the saving clause of *Ingersoll* was added after a petition for rehearing and accompanying briefs were filed and was apparently in response to a request seeking clarification of the decision's impact on the limitation of damages in wrongful death suits filed in reliance on *lex loci delicti.*

■■ In other instances, where the overruling case has contained no indication as to whether the new rule was to be applied retroactively to cases which were pending when the overruling case was decided, it has frequently been held that the overruling decision was applicable not only to the parties to the overruling case, but also to the parties in other cases which were pending at the time of the overruling decision. (*Pabon v. Hackensack Auto Sales* (N.J. 1960), 164 A.2d 773; 10 A.L.R.3d 1371.) Consistent with this proposition, assuming there is not an express ruling of prospective only application, is the maxim that a case is determined on the law as it stands when the judgment is rendered and not when the suit is brought. (*Goldblatt v. City of Chicago,* 30 Ill.App.2d 211, 174 N.E.2d 222; *Gramm v. Armour & Co.,* 132 Ill.App.2d 1011, 271 N.E.2d 52.) As is stated in *Gramm* on page 1014:

> " 'As a general rule, the overruling of a decision operates retrospectively, as well as prospectively, and makes the law at the time of the overruled decision as it is declared to be in the last decision, except in so far as the construction last given would impair the obligations of contracts, entered into, or injuriously affect vested rights acquired, in reliance on the earlier decisions. * * *.' "

■■ We must conclude, therefore, that *Ingersoll* is to be applied retrospectively as well as prospectively, with the exception of any hardship created as a result of filing in reliance of *lex loci delicti.* The practical effect, as to these instances, is to make *Ingersoll* prospective only.

Our inquiry must therefore be, whether or not plaintiff suffered a "hardship" sufficient to remove his case from the ambit of *Ingersoll* and the application of Illinois law as it existed at the time of trial.

Defendant propounds that the reference made to *Molitor* is instructive in that it defines "reliance" and "hardship." Further, defendant articulates the limits of the *Ingersoll* exception to be that plaintiff must show he filed in Illinois instead of Kentucky in "*Molitor*-type" reliance upon *lex loci delicti* and, that application of the modern rule would result in hardship for having so filed. We must note that the above criteria is representative of the considerations given by a court in determining whether to apply a decision retroactively or prospectively only. To this extent, the *Ingersoll* exception appears to be a form of limited retroactivity. For

this reason, we will consider "reliance" and "hardship" as they might be considered in making a determination of retrospective or prospective application.

■■ We believe that plaintiff at the time of filing his complaint, placed justifiable reliance on the law of Illinois as it then existed. Further, we feel this reliance need not be affirmatively proved but can be implied from the attendent circumstances of the case. (*Continental Supply Co. v. Abell*, 95 Mont. 148.) It has often been recognized that where particular persons have acted in justifiable reliance on a subsequently overruled decision and retroactive application of the overruling decision would defeat their reliance interests, such reliance interests should receive adequate protection and the overruling decision should be denied retroactive application to prevent *such person* from being subjected to unfairness or undue hardship. *Bassi v. Langloss*, 22 Ill.2d 190, 174 N.E.2d 682, 10 A.L.A.3d 1371.

Predicated on the above reliance, plaintiff suffered a hardship within the contemplation of *Ingersoll*. More than one year elapsed after plaintiff filed his complaint but before the appellate court's decision in *Ingersoll* (March 1, 1967—February 25, 1969) and as a result there was no reason for plaintiff to file his action in Kentucky. Under Kentucky law, actions for physical injuries caused by another's negligence, must be commenced within one year from the date of the injury. (*Finck v. Albers Super Markets*, 136 F.2d 191 (6th Cir. 1943).) Further, we are of the opinion that had the suit been filed in Kentucky, that state would have applied its own law, necessitating only proof of ordinary negligence. *Arnett v. Thompson*, 433 S.W.2d 109, (Ky. 1968).

■■ Consequently, the application of Illinois law and the requisite increase in the degree of proof necessary to establish liability, coupled with the inability of plaintiff to adjudicate his claim in a favorable forum, effectively prevented plaintiff from recovering for his injuries. These factors constitute a hardship attributable to the placing of reliance on the doctrine of *lex loci delicti* and should exempt plaintiff from the *Ingersoll* holding. *Accord, Cardin v. Cardin* (1st Dist., No. 57508). *Contra, Blazer v. Barrett*, 10 Ill.App.3d 837, 295 N.E.2d 89, wherein suit was filed *after* the appellate court's decision in *Ingersoll*.

Accordingly, and consistent with the above reasoning, Count II of plaintiff's complaint, alleging ordinary negligence, should be reinstated and the judgment reversed and the cause remanded for a new trial.

Reversed and remanded for a new trial.

DRUCKER, P. J., and ENGLISH, J., concur.