NEDOT KOSOVRASTI et al., Plaintiffs, v. KUX MACHINE COMPANY et al., Defendants.—(KUX MACHINE COMPANY, DIVISION OF WICKES CORPORATION, Third-Party Plaintiff-Appellant, v. TELEDYNE INDUSTRIAL DIECAST COMPANY, Third-Party Defendant-Appellee.)

First District (1st Division)   No. 76-945

Opinion filed March 13, 1978.

---

Kralovec, Sweeney, Marquard & Doyle, of Chicago (John C. Doyle and Edward V. Scoby, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (C. Roy Peterson, Toni McNamara, Richard E. Mueller, and Hugh C. Griffin, of counsel), for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Plaintiff Nedot Kosovrasti, an employee of Teledyne Industrial Diecast Company (Teledyne), was injured when a diecasting machine manufactured by Kux Machine Company (Kux) closed on his arm. He and his wife, plaintiff Ajsa Kosovrasti, filed a two-count complaint against Kux. He sued for personal injuries and she for loss of consortium. Count I of the complaint sounded in strict liability and count II in negligence. Kux filed a third-party action against Teledyne, seeking indemnity as to each count in the amount of any and all judgments which may be rendered in favor of plaintiffs and against Kux, together with costs and attorneys' fees. Count I of the third-party complaint of Kux alleged, in essence, that Kux and Teledyne were co-manufacturers and co-designers of the diecasting machine, in that Teledyne "affirmatively declined to purchase said machine with certain safety features* * *"; that if the machine was, in fact, improperly designed, "then the unreasonably dangerous condition of said machine was the direct and proximate result of the active conduct of" the third-party defendant (Teledyne) in declining to purchase the machine with the available safety features with which said machine was offered for sale by the defendant (Kux); and that under the circumstances the conduct of Kux in selling the machine in an unreasonably dangerous condition was passive in that Kux merely acquiesced in the request of its customer Teledyne, while the active conduct of Teledyne in specifying that the machine not be equipped with the safety devices was the proximate cause of any unreasonably dangerous condition of the machine.

Count II of the third-party complaint alleged that Teledyne was actively negligent in certain specified ways, that its active negligence was the proximate cause of Kosovrasti's injuries and that if Kux was negligent its negligence was merely passive.

Teledyne's motion to dismiss the third-party complaint was granted. Kux has appealed, contending that its third-party complaint was improperly dismissed. We disagree.

■ If, as Kux contends, it and Teledyne were co-manufacturers and co-

designers, then they were both actively negligent, whether Kosovrasti's claim was based on strict liability or in negligence and Kux's active negligence bars its claim of indemnity from Teledyne. (*Buehler v. Whalen* (1977), 70 Ill. 2d 51, 63-64, 374 N.E.2d 460.) If they were not co-manufacturers and co-designers (see *Rosales v. Verson Allsteel Press Co.* (1976), 41 Ill. App. 3d 787, 354 N.E.2d 553, *appeal denied* (1976), 64 Ill. 2d 598), then Kux's claim for "downstream" indemnity as to Kosovrasti's claim based on strict liability must fail. (*Stevens v. Silver Manufacturing Co.* (1976), 41 Ill. App. 3d 483, 355 N.E.2d 145, and cases therein cited.) Although the supreme court reversed *Stevens* and held that there could be "downstream" indemnity, it made that decision applicable prospectively "to causes of action arising out of occurrences on and after March 1, 1978." (*Stevens v. Silver Manufacturing Co.* (1977), 70 Ill. 2d 41, 45-46, 374 N.E.2d 455.) The action in the case before us arose out of an occurrence which took place September 26, 1972.

■■ Kux's claim for indemnity based on negligence likewise must fail because the liability of a manufacturer or distributor of a defective or unreasonably dangerous product is qualitatively active and that negligence cannot be offset against that of a mere subsequent user. *Stanfield v. Medalist Industries, Inc.* (1974), 17 Ill. App. 3d 996, 309 N.E.2d 104.

The trial court correctly dismissed the third-party complaint.

Judgment affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.