**Michael D. MULCAHY, Plaintiff,**

v.

**HARRIS CORPORATION, Defendant-Third Party Plaintiff,**

v.

**ZURICH–AMERICAN INSURANCE COMPANY, Great Lakes Graphics, Inc., and Michael D. Mulcahy, Third-Party Defendants.**

No. 78 C 4179.

United States District Court,
N. D. Illinois, E. D.

March 27, 1980.

Donald A. Shapiro, Newman, Silverman & Associates, Chicago, Ill., for plaintiff.

William Freivogel, Ross, Hardies, O'Keefe, Babcock & Parsons, Chicago, Ill., for defendant-third party plaintiff.

Kendall Crooks, Crooks & Gilligan, Chicago, Ill., for third-party defendants Great Lakes and Zurich.

## MEMORANDUM OPINION

### Motions to Dismiss

MAROVITZ, Senior District Judge.

This action was instituted by Plaintiff Michael Mulcahy to seek recovery for personal injuries. Plaintiff's injuries occurred on April 11, 1977 while plaintiff was operating an offset printing machine in the course of his duties as an employee of Great Lakes Graphics, Inc. (Great Lakes). Plaintiff brought this action against the manufacturer of the machine, Defendant Harris Corporation, alleging liability in strict tort. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1332.

On June 6, 1979, defendant filed an amended answer, affirmative defense, third-party complaint, and counterclaim. Defendant asserted assumption of the risk as an affirmative defense to plaintiff's claim. Defendant's third-party complaint/counter-claim sets forth three distinct claims for relief. Count I seeks indemnity or contribution[1] from Great Lakes and alleges that Great Lakes misused the machine. More specifically, defendant

---

1. For a discussion of the difference between contribution and indemnity *see Suvada v. White Motor Co.*, 32 Ill.2d 612, 624, 210 N.E.2d 182, 187 (1965).

alleges that when it parted with the machine it had attached to it a safety device, i. e., a nip-point guard, which was not in place when plaintiff's injuries were sustained. Defendant alleges that Great Lakes' alleged misuse of the machine was the proximate cause of plaintiff's injuries. Count II seeks indemnity or contribution from Zurich-American Insurance Company (Zurich), Great Lakes' workmen's compensation insurer. Defendant's claim against Zurich is apparently solely based upon defendant's allegation that Zurich breached a duty to inspect Great Lakes' premises and that such failure proximately caused plaintiff's injuries. Count III seeks an equitable apportionment among defendant, Great Lakes, Zurich, and plaintiff. In support of this claim for equitable apportionment, defendant realleges the allegations it makes in Counts I and II in support of its claims against Great Lakes and Zurich and, additionally, realleges defendant's allegation that plaintiff misused the machine. Pending before the Court are the separate motions of plaintiff, Great Lakes, and Zurich to dismiss defendant's claims for relief insofar as they relate to each of them. For the reasons set forth below, all of the motions to dismiss are granted.

■ This action being one brought pursuant to 28 U.S.C. § 1332, this Court is bound to apply state law, *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and to look to the conflicts principles of the forum state, Illinois, to ascertain which state's law is to be applied. *Klaxon Co. v. Stentor Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Illinois courts follow the "most significant relationship" approach of the Second Restatement of Conflict of Laws when determining which state's law shall govern a tort law action. *Ingersoll v. Klein*, 106 Ill.App.2d 330, 245 N.E.2d 288 (1969), *aff'd*, 46 Ill.2d 42, 262 N.E.2d 593 (1970). This approach causes choice of law questions to be determined by examining the specific factual contacts which a cause of action has to the jurisdictions involved and, further, relevant policy considerations. Restatement (Second) of Conflict of Laws

§ 145. In the instant case, the relevant factual and policy considerations dictate that Illinois law should govern. For example, the injury occurred in and the plaintiff resides in Illinois.

The well-settled federal standard with respect to motions to dismiss is that they will not be granted "unless it appears beyond doubt that the [claimant] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). Such is the case here since defendant's claims for contribution, indemnity, and equitable apportionment are not cognizable in the Illinois courts.

■ The principal questions raised by the motions before the Court concern Illinois law as found in *Skinner v. Reed-Prentice Division Package Machinery Co.*, 70 Ill.2d 1, 15 Ill.Dec. 829, 374 N.E.2d 437 (1977), *cert. denied, Hinkley Plastic, Inc. v. Reed-Prentice Division Package Machinery Co.*, 436 U.S. 946, 98 S.Ct. 2849, 56 L.Ed.2d 787 (1978). In *Skinner*, the Illinois Supreme Court abandoned its prior rule of no-contribution among joint tort-feasors and permitted a defendant-manufacturer in a strict tort action to bring a third-party action against the plaintiff's employer for contribution. The theory of third-party liability asserted by the manufacturer was that the employer had misused the product. Clearly, Illinois law as found in *Skinner* would allow the type of claim defendant herein asserts against Great Lakes and, presumably, Zurich.

However, the Illinois Supreme Court held that the change in Illinois law effected by *Skinner* would be applicable only to causes of action arising out of occurrences on and after March 1, 1978. *Id.* 70 Ill.2d at 17, 15 Ill.Dec. at 836, 374 N.E.2d at 444. As stated, plaintiff's injury occurred on April 11, 1977. Therefore, the Court has no difficulty in finding *Skinner* inapplicable to the instant action. Notwithstanding, defendant makes a host of arguments as to why *Skinner* should apply to the instant case. The Court addresses these arguments only

insofar as to state that they are wholly without merit.[2] Accordingly, defendant's claims for contribution from Great Lakes and Zurich are not cognizable under Illinois law.

■ Further, with respect to defendant's claims for indemnity or contribution against Great Lakes, the Court notes that defendant has misplead its allegation that Great Lakes misused the machine. Under the applicable pre-*Skinner* Illinois law, misuse by an employer will bar a plaintiff-employee's recovery from a manufacturer in a strict tort action. *Lewis v. Stran Steel Corp.*, 57 Ill.2d 94, 102, 311 N.E.2d 128, (1974). *See also Skinner v. Reed-Prentice Division Package Machinery Co.*, 70 Ill.2d at 21, 15 Ill.Dec. at 839, 374 N.E.2d at 446. (Underwood, J., dissenting). This is true, of course, because if an employer's misuse of the product was the proximate cause of the employee's injury, it can not be shown that a defect in the manufacturer's product was the proximate cause of the injury. In short, although the allegations made in Count I of defendant's third-party/counterclaim will not support a cause of action against Great Lakes, those allegations, if true, will preclude plaintiff from proving his claim against defendant.

■ As to defendant's claim against Zurich for indemnity on the basis of Zurich's alleged negligence, such an action over is unavailable under Illinois law to a manufacturer being sued in strict tort. *Kosovrasti v. Kux Machine Co.*, 58 Ill.App.3d 892, 16 Ill.Dec. 725, 375 N.E.2d 832 (1978). Thus, for the reasons stated above, Counts I and II of defendant's third-party complaint/counterclaim and, in addition, Count III, insofar as it relates to Great Lakes and Zurich, should be dismissed.

■ The argument which defendant makes in support of its claim for relief against plaintiff in Count III causes the Court little pause. Defendant acknowledges that equitable contribution may not be obtained by a defendant from a plaintiff in a strict tort action. *See Williams v. Brown Manufacturing Co.*, 45 Ill.2d 418, 261 N.E.2d 305 (1970). Defendant, however, urges the Court to "make" new Illinois law. In this connection, defendant argues that an Illinois court confronted with the instant factual situation would follow the lead of the California courts and adopt a rule of equitable contribution with respect to plaintiffs to a strict tort action. *See Daly v. General Motors Corp.*, 20 Cal.3d 725, 144 Cal.Rptr. 380, 575 P.2d 1162 (1978).

The law of Illinois concerning the legal effect of a plaintiff's own conduct in a strict tort action is presently well-settled. In *Williams*, the Illinois Supreme Court thoroughly considered the legal import of a strict tort plaintiff's own conduct and concluded, as have most jurisdictions,[3] that any negligence on the part of a plaintiff is irrelevant. *Williams v. Brown Manufacturing Co.*, 45 Ill.2d 418, 261 N.E.2d 305. However, a plaintiff's assumption of the risk or misuse of a product will serve as a complete bar to plaintiff's recovery.[4] *Id.* Moreover,

---

**2.** The Court, however, commends counsel for defendant's compliance with EC 7–23 of the ABA Code of Professional Responsibility by directing the Court's attention to authority adverse to defendant's contention that *Skinner's* prospective only ruling is unconstitutional; *e. g., Old Securities National Bank of Aurora v. Bynal Products, Inc.*, No. 78–474 (Ill.App.Ct. Dec. 7, 1979). Other Illinois decisions which have balked at overturning *Skinner's* prospective only ruling are *Quilico v. Union Oil Company of California*, 58 Ill.App.3d 87, 15 Ill.Dec. 784, 374 N.E.2d 219 (1978) and *Goodrick v. Bassick Co.*, 58 Ill.App.3d 447, 16 Ill.Dec. 384, 374 N.E.2d 1262 (1978).

**3.** See 13 A.L.R.3d 1057.

**4.** The *Williams* court lucidly explained:

All authorities agree that plaintiffs in tort actions may so conduct themselves as to bar recovery for injuries suffered by them. This recovery-barring conduct, while given different labels, is ofttimes treated within the general concept of "contributory negligence." [citations omitted]. However, a greater degree of culpability on the part of a plaintiff will be required in order to bar recovery in some types of action than in others. Thus, [a plaintiff's] simple contributory negligence (*i. e.*, lack of due care for one's own safety as measured by the objective reasonable-man standard) will bar recovery by a plaintiff in a tort action for negligence in this State [citations omitted], and plaintiff must allege and

the decision of the California court in *Daly* was based upon a theoretical underpinning which is presently nonexistent in Illinois tort law. The court in *Daly* viewed its holding as a logical outgrowth of California's comparative negligence law. *Daly v. General Motors Corp.*, 20 Cal.3d at 742, 144 Cal.Rptr. at 390, 575 P.2d at 1172. Illinois does not recognize comparative negligence and the Illinois courts have refused to do so by way of judicial fiat. *Maki v. Frelk*, 40 Ill.2d 193, 239 N.E.2d 445 (1968) (the adoption of a comparative negligence scheme is best left to the legislature). In sum, the Court finds defendant's argument to be unpersuasive.

Accordingly, the motions to dismiss of Great Lakes, Zurich, and plaintiff are hereby granted. Therefore, Counts I, II, and III of defendant's third-party complaint/counterclaim are hereby dismissed. The only matter which remains pending before the Court is the claim underlying the original action.

prove his exercise of due care [citation omitted]; but as to other types of actions a greater degree of culpability on plaintiff's part may be necessary in order to preclude recovery and simple contributory negligence will not suffice. In determining where the loss should fall as between the nonnegligent manufacturer, distributor or retailer and the less than careful plaintiff, it has generally been recognized that plaintiffs who "misuse" a product—use it for a purpose neither intended or "foreseeable" (objectively reasonable) by the defendant—may be barred from recovery. [citations omitted]. There is likewise general agreement that a plaintiff who knows a product is in a dangerous condition and proceeds in disregard of this known danger (often termed "assumption of the risk") may not recover for resulting injuries. [citations omitted].
*Williams v. Brown Manufacturing Co.*, 45 Ill.2d at 425–26, 261 N.E.2d at 309–10.