| 132 | 265 |
| 69a | 580 |

| 132 | 265 |
| 110a | 327 |
| 110a | 328 |

The Chicago and Northwestern Railway Company

*v.*

August Hintz.

*Filed at Ottawa March 29, 1890.*

Practice—*enforcing stipulation between counsel.* Agreements between counsel, made in open court, or even verbally, out of court, if acted on by them, may be enforced by the court. So where the appellant's attorney, in consideration of an extension of time to file his brief, agreed with appellee's attorney, that if, when the cause was reached on the call, the appellant's brief should not have been on file ten days the judgment should be affirmed, the court enforced the stipulation, notwithstanding appellant's counsel, before judgment, but after the time stipulated had expired, filed a paper withdrawing his agreement, but offering no excuse for his failure to file his brief in time.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Mr. W. C. Goudy, for the appellant:

There was no stipulation in existence authorizing the court to affirm the judgment when the case was called. The action of the Appellate Court was unjust, and no sufficient cause was shown for rendering the judgment merely because of the stipulation. *Newman* v. *Dick,* 23 Ill. 338; *Oliver* v. *Hart,* 35 id. 55; *Coultas* v. *Green,* 43 id. 277; *Muller* v. *Downs,* 94 U. S. 277; *Vail* v. *Stone,* 13 Iowa, 285; *Jewett* v. *Comeforth,* 3 Me. 107.

Mr. Joseph S. Kennard, and Messrs. Brandt & Hoffmann, for the appellee.

Mr. Justice Wilkin delivered the opinion of the Court:

Appellee recovered a judgment against appellant, in the Superior Court of Cook county, on the 27th day of October, 1888, for $5000 and costs of suit. Appellant prosecuted an

appeal to the Appellate Court for the First District, in which court the case stood for hearing at the March term, 1889. On the 1st day of April, 1889, appellant obtained an extension of twenty days' time, in which to file its abstracts and briefs. On the 2d day of the following July, counsel for appellant filed in said Appellate Court the following paper:

"The stipulation heretofore made with the attorney for the appellee, that if appellant's arguments were not filed in ten days before the case was called for trial, the judgment of the court below might be affirmed, is hereby withdrawn, on the part of the appellant, and said appellant declines to abide by said stipulation.          WILLIAM B. KEEP, *Appellant's Att'y.*
W. C. GOUDY, *of Counsel.*"

On the same day an order was entered, taking the motion for leave to withdraw said stipulation under advisement. On the next day, the cause being reached in its regular order upon the call of the calendar, and the parties appearing by their attorneys, the appellee presented to the court the following stipulation:

"*In the Appellate of Illinois, First District—March Term, 1889.—Chicago and Northwestern Railway Company, appellant, v. August Hintz, appellee.*

"It is hereby stipulated by the parties to the above entitled cause, that the appellant may have until May 23 to file its briefs in the above cause; but it is stipulated, that if the said cause shall be reached upon the call of the calendar of this court, and if, at the time it is so reached, appellant's briefs shall not have been then on file ten (10) days, the judgment against the appellant shall be affirmed.

W. C. GOUDY, *Appellant's Att'y.*
BRANDT & HOFFMAN, *Appellee's Att'ys.*"

They also showed to the court that appellant's briefs were not filed until the 26th day of June, and asked for a judgment

of affirmance, for the reason that said briefs were not filed ten days before said cause was reached upon call. Thereupon appellant's counsel presented the withdrawal filed July 2, and objected to a judgment of affirmance pursuant to said stipulation, but insisted that the cause be set down for argument and further consideration. The court overruled said objection of appellant, and held that appellee was entitled to judgment pursuant to said stipulation, and affirmed the judgment of the Superior Court. The record of the Appellate Court, after reciting the foregoing proceedings, further recites: "And thereupon, on the same day, to-wit, July 3, 1889, came appellee, by his counsel, and presented the following stipulation, and afterward filed the same, to-wit:" (Here follows the stipulation set out above.) Appellant afterward prayed this appeal, and now insists that the Appellate Court erred in affirming said judgment on said stipulation.

It is not denied that it was within the scope of the authority of counsel to make the agreement; that it was fairly and understandingly entered into; that appellant's briefs were not filed within the time stipulated, nor that it was in any way repudiated until after the briefs should, by its terms, have been filed. If this stipulation had been on file in the case at the time the judgment of affirmance was entered, there could be no serious question as to the power of the court to enforce it. Such agreements, made in open court, or even verbally, out of court, if acted upon, are enforcible. (Thompson on Trials, secs. 193, 200, and cases cited in notes.) Enough appears from this record to show that appellant's right, under the practice in the Appellate Court, to file its briefs, had expired. Certainly, enough appears to show that the agreement that appellant's briefs might be filed at a future date, was for its benefit, and not for that of appellee. Appellee had a right to have the case promptly disposed of, in the regular course of business, in the Appellate Court. Having stipulated that appellant's briefs might be filed by a day fixed, saving to himself

sufficient time in which to prepare and file his reply before the case should be reached on call, thus securing its prompt submission, but with the condition that if the stipulation was not complied with on the part of appellant his judgment should be affirmed, appellant had no right to put him to further delay by repudiating the agreement, after the time for its performance on its part had expired. The Appellate Court found, no doubt, that appellee had acted upon the stipulation. If it did, and saw proper to recognize it, though not made in open court or placed on file, it had the legal right to do so, its judgment in that regard being subject to review only for an abuse of judicial discretion.

It is said, however, that the action of the Appellate Court was unjust, and that no sufficient ground was shown for enforcing the agreement. On the contrary, no reason whatever was shown, or even suggested, why appellant had not filed its briefs within the stipulated time, nor why it should be allowed to repudiate its agreement. Had any excuse been offered for the failure to comply with its agreement, the Appellate Court would doubtless have permitted the briefs to be filed on reasonable terms, and considered the case on its merits. What that court was asked to hold was, that an agreement between attorneys as to a proceeding in a court of justice, though made within the scope of their authority, however fairly entered into, amounts to nothing, and can not be enforced by the court in which such proceeding is pending, unless such agreement is reduced to writing and placed on file. We think it was justifiable in refusing to do so, and its judgment will be affirmed.

*Judgment affirmed.*