### George S. Poppers v. Clarence A. Knight and Paul Brown.

1. ARBITRATORS—*Revocation of Submission.*—A party can not, without good cause shown, revoke a statutory submission to arbitrators of matters in controversy in a pending suit.

2. SAME—*Stipulation as to Fees.*—A stipulation submitting a matter to arbitration, under the statute which provides that the arbitrators shall not be limited to the statutory fees, but that such fees shall be reasonable, is legal.

3. STIPULATIONS—*Enforced by the Courts.*—Courts continually enforce stipulations by which subsequent proceedings are controlled.

Assumpsit, for goods sold and delivered. Appeal from Circuit Court Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court, at the March term, 1897. Affirmed. Opinion filed March 29, 1897.

FRANK SCHOENFELD, attorney for appellant.

WILLIAM G. ADAMS, attorney for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
The appellant sued the appellees for goods sold and delivered, and they put in a set-off.

Then the parties submitted the matters in controversy to arbitrators, pursuant to the provisions of chapter 10, R. S.

The arbitrators met, heard the testimony on behalf of the appellant, and began to hear that of the appellees, and adjourned the further hearing to another day, on which day there was another adjournment.

Before the day to which they last adjourned arrived, the appellant served upon the appellees and the arbitrators a notice that he revoked the power conferred upon the arbitrators, and moved the court to set aside the order of the court directing the submission of the cause to the decision of arbitrators, which motion the court denied.

Further hearings were had, participated in by the appellant, and the arbitrators made their award of $578 in favor of the appellees, which being filed in court, the appellant filed exceptions to it, which were overruled, and judgment entered upon the award.

Two questions only are now argued by the appellant.

First, that the notice of revocation was effectual to terminate the power of the arbitrators. To that the answer is, that a party can not, without good cause shown, revoke a statutory submission to arbitrators of the matters in controversy in a pending suit.

The few cases to the contrary are overborne by the multitude in support of the proposition stated. See cases collected in 2 Am. and Eng. Ency. of Law, 598, 2d edition.

Second, that the statutory fees of the arbitrators would have been but $24 and the court allowed $150.

The stipulation for submitting the cause provided that the compensation of the arbitrators should not be limited to the statutory fees but should be reasonable. That the $150 is not more than reasonable was proved. The appellant contends that although the arbitrators actually met times enough to entitle them to $86 under the statute, yet the time consumed was "no more than four days." It is not contended that there were any willful or capricious meetings or adjournments unnecessarily, nor that the appellees were at fault in delaying the proceedings.

The record does not show that anybody was in fault, nor the cause of any delay. In the absence of any showing to the contrary, it must be presumed that good cause existed for the several adjournments, to no one of which does it appear that the appellant had any objection. The stipulation was signed by the appellant, and is binding upon him.

Courts constantly enforce stipulations by which subsequent proceedings are controlled. C. & N. W. Ry. v. Hintz, 132 Ill. 265; Morrison v. Hedenberg, 138 Ill. 22; City of Chicago v. Drexel, 141 Ill. 89; Lake Erie & Western R. R. v. Middlecoff, 150 Ill. 27.

On the whole case there is no error, and the judgment is affirmed.