## John Kovalik et al., Appellants, v. George E. Baldwin et al., Appellees.

**Gen. No. 10,739.**

Opinion filed August 9, 1954. Released for publication August 26, 1954.

DANIEL MCMULLEN, of Streator, for appellants.

ROGER V. PIERSON, of Princeton, for certain appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

John Kovalik, et al., started a suit in the circuit court of La Salle county, against George E. Baldwin, J. L. Cowan, Charles Baldwin and Robert Campbell to declare a sale of certain securities null and void, which the defendants had sold and issued to the plaintiffs, in violation of the Illinois Securities Law, and to recover from them the amount of money delivered in consideration paid for said securities. The original complaint consisted of twenty-six counts. An additional twenty-six counts were filed, each setting up grounds of fraud and misrepresentation for the sale of said securities to the plaintiffs. After numerous motions to strike, all of the defendants filed an answer to the complaint and the plaintiffs filed a reply to the answers, and the case was ready for trial. The plaintiffs had demanded a trial by jury.

On June 12, 1953, J. L. Cowan changed attorneys who filed a motion to withdraw his answer, and for leave to file a motion to dismiss the complaint, as

against him. On July 10, 1953, Cowan was granted leave to withdraw his answer, and he filed a motion to dismiss. The motion set forth numerous documents entered into between some of the stockholders and the defendants in which it is claimed Cowan was released from any, and all liabilities that might have accrued to the plaintiffs. This motion was verified. On September 18, 1953, the plaintiffs filed an answer to the motion and specifically denied each allegation set forth in the motion of defendant, Cowan, to dismiss the suit. This answer was also verified. The court, without hearing evidence, sustained Cowan's motion to dismiss the suit as to him. Later the plaintiff entered a motion to vacate the order dismissing the suit as to Cowan. This motion was denied and judgment entered in favor of Cowan. It is from this judgment that the appeal is prosecuted to this court.

It is first insisted by the appellants that the court erred in allowing Cowan to withdraw his answer, and enter a motion to dismiss the suit, because the case was at issue and ready for trial. The appellants do not point out in what way, or manner they have been damaged by the court allowing this motion. Under the Practice Act great discretion is granted the court in passing on such motions, and unless it can be shown that the appellants have lost some rights, or have been damaged in some way by allowing the motion to dismiss, we cannot say that the court abused his discretion in allowing the motion to withdraw his answer as he did. (*Morris v. Goldthorp,* 390 Ill. 186.)

It is contended by the appellee that after his motion was filed setting forth the facts, and the documents he relies upon, that it then became a question of law whether under such circumstances the plaintiffs could maintain a suit against him for damages for the sale of this stock. Before doing so, the court had to assume that all the facts as set forth in the motion, are

212

true. In appellees' brief on page 31 we find the following: "Did the instruments in writing set out before this Court and the trial Court in *haec verba,* constitute a release as to the defendant, J. L. Cowan. It is respectfully submitted that there is no denial of the existence of the instruments. There is no question or dispute as to the fact of their existence and since they are set out in *haec verba,* there is no dispute as to their content." We cannot agree with this statement of fact, as on page 392 of the record we find the answer of the plaintiffs in which they specifically denied that there ever were such instruments executed, so the court could not assume that the facts set forth in the motion were true, but the answer raises an issue of fact to be decided, before the motion to dismiss could be properly sustained.

Both the appellants and appellees rely on section 172 of the Practice Act especially subsection 3 [Ill. Rev. Stats. 1953, ch. 110, § 172, subd. (3); Jones Ill. Stats. Ann. 104.048 subd. (3)] thereof, which is as follows: "If, upon the hearing of such motion, the opposite party shall present affidavits or other proof denying the facts alleged or establishing facts obviating the objection, the court may hear and determine the same and may grant or deny the motion; but if disputed questions of fact are involved the court may deny the motion without prejudice and shall so deny it if the action is one at law and the opposite party demands that the issue be submitted to a jury." It seems to us that this part of the statute is clearly applicable to the facts in this case. (*Sacks v. American Bonding Co.,* 340 Ill. App. 564.)

Here the appellee filed his motion stating the facts on which he relied for a complete defense to plaintiffs' complaint. The plaintiffs deny each and every allegation set forth in appellees' motion. These presented questions of fact which should have been decided

213

before the motion to strike was passed upon, and the trial court erred in sustaining a motion to strike the complaint as to J. L. Cowan.

The case is reversed and remanded with directions to overrule the motion to strike the complaint.

*Reversed and remanded with directions.*

Dove, J., concurs.

Judge Anderson took no part in the consideration of this case.