Winford L. Davidson, Plaintiff-Appellant, v. Anthony J. Olivia, John McCarthy & Company, and Frank Knuppel, Defendants-Appellees.

Gen. No. 11,170.

Second District, Second Division.

June 16, 1958.

Released for publication July 3, 1958.

George T. Swaim, Jr., of Kankakee, and Bert G. Engleman, of Joliet, for plaintiff-appellant.

James M. Bartley, of Joliet, and Heineke, Conklin & Schrader, of Chicago (Paul H. Heineke, and Louis Dennen, of counsel), for Anthony J. Olivia, and John McCarthy & Company, defendants.

McKinley & Price, of Chicago, and John Irving Pearce, of Wilmington (Louis Dennen, of counsel), for Frank Knuppel, defendant.

JUSTICE SOLFISBURG delivered the opinion of the court.

The Circuit Court of Will County entered a final order, on motions of the several defendants, dismissing the plaintiff's complaint to recover under the Liquor Control Act (Ill. Rev. Stats. 1955, Chap. 43, § 135) for property damage allegedly sustained by plaintiff's automobile as a result of the sale of intoxicating beverages by defendants to one Brietske.

Plaintiff filed his complaint on September 6, 1957, alleging the sale of intoxicating liquors by defendants to Brietske on July 22, 1956, and the resulting damage to his automobile on the same date. The defendant Knuppel filed an answer on September 27, 1957, denying the material averments in the complaint. The defendant Olivia filed a similar answer to the complaint on October 11, 1957. The defendant John McCarthy & Company filed a motion to dismiss the complaint on October 11, 1957, alleging as grounds therefor that the complaint was insufficient and that the so-called Dramshop Act did not give plaintiff a cause of action against a person in the capacity of defendant. The answers and motion to dismiss did not assert any defense that plaintiff's action was barred by lapse of time.

On November 25, 1957, the three defendants filed and presented motions to withdraw their respective answers and motion to dismiss, previously filed, and sought and were granted leave to file motions to dismiss the complaint on the ground that plaintiff's action was barred for failure to commence it within one year next after the cause of action accrued. Thereafter, in accordance with the order of the trial judge, each of the defendants filed motions to dismiss asserting that the complaint showed on its face that plaintiff's action was barred by lapse of time. After hearing, defendants' motions were granted by the trial judge on November 29, 1957.

Although plaintiff appeals from the several orders of the trial judge, in this appeal plaintiff raises only the single question whether the trial judge erred in granting defendants leave to withdraw their answers and original motion and to file motions to dismiss based upon the statute of limitations. It is plaintiff's contention that the trial court erred in so doing, first, because having failed to raise the statute of limitations in their original responsive pleadings, the defendants forever waived their right to do so, and, secondly, because the defendants' motions to dismiss were not timely. No point is made that trial was imminent or that plaintiff was prejudiced or damaged by the trial court's exercise of discretion. Neither is it disputed that plaintiff commenced his action more than one year after his cause of action accrued.

■ The Civil Practice Act "shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties. The rule that statutes in derogation of the common law must be strictly construed does not apply to this Act or to the rules made pursuant thereto." (Ill. Rev. Stats. 1955, Chap. 110, § 4.)

It is also provided in Section 46(1) of the Civil Practice Act (Ill. Rev. Stats. 1955, Chap. 110, § 46).

"(1) At any time before final judgment amendments may be allowed on just and reasonable terms, . . . changing the cause of action or defense or adding new causes of action or defenses, and in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense. . . ."

Granting or denying leave to amend is a matter within the discretion of the trial judge, and except where there is a clear or manifest abuse of that discretion, the decision of the trial judge will not be disturbed on appeal, Glakemeier v. Calhoun, 3 Ill.2d 329, 333; Kovalik v. Baldwin, 3 Ill.App.2d 210, 212.

 It should be pointed out that the discretion of the trial judge in such instances should be liberally exercised in favor of allowing such new pleadings as are essential to the presentation of a party's cause of action or defense, Goldstein v. Chicago City Ry. Co., 286 Ill. 297, 301; Delfosse v. Kendall, 283 Ill. 301, 305; Martin v. Kozjak, 5 Ill.App.2d 390, 393.

 Here, the trial judge permitted the defendant Knuppel to withdraw his answer and file a motion to dismiss within 58 days after he had answered and the defendants Olivia and John McCarthy & Company to withdraw their pleadings and file motions to dismiss within 45 days after they had pleaded. Plainly, this did not amount to an abuse of discretion. We can find no merit in plaintiff's position. Two decisions wherein this issue was raised and decided adversely to plaintiff's contentions are Morris v. Goldthorp, 390 Ill. 186, 189, and Kovalik v. Baldwin, 3 Ill.App.2d 210, 212, recently decided by this court. In Morris v. Goldthorp,

390 Ill. 186, initially one of the defendants filed a motion to dismiss the first count of the complaint and other defendants filed an answer to both counts of the complaint. Later, by leave of court that answer was withdrawn and those defendants were permitted to file motions to dismiss both counts of the complaint. Subsequently, the motions were sustained and the suit was dismissed. On appeal the action of the trial court in permitting withdrawal of the answer and filing of the motion to dismiss was held not to constitute error. In Kovalik v. Baldwin, 3 Ill.App.2d 210, this court held that it was not an abuse of discretion to permit a defendant to withdraw his answer and to file a motion to dismiss the complaint after the case was at issue and ready for trial, all the defendants having previously filed answers after numerous motions to strike, and after plaintiffs had filed a reply. Moreover, in Goldstein v. Chicago City Ry. Co., 286 Ill. 297, the Supreme Court held that it was error to refuse to permit the defendant in a wrongful death suit to file a plea alleging that the action had not been commenced within one year after the death, even though other pleas not alleging that defense had been filed and one trial had been had, particularly in view of the fact that the second trial had not been had for eight months after such leave had been denied.

Roe v. Sears, Roebuck & Co., 132 F.2d 829, upon which plaintiff relies in part, does not support his contention, for there the question was whether defendant might raise the defense of the statute of limitations by a motion for summary judgment when he had previously failed to raise that defense in his answer. The Circuit Court of Appeals, Seventh Circuit, held that under the Federal Rules of Civil Procedure the defendant might not do so. However, the court in its opinion significantly noted, (p. 832): ". . . We need

not consider when a defendant may be excused from its failure to plead the statute of limitations, and be permitted to amend its answer, because the instant case presents no such question. The defendant herein sought no such relief." It is clear, therefore, that the Roe case is not at all in point.

The orders of the Circuit Court of Will county are affirmed.

Affirmed.

CROW, P. J. and WRIGHT, J., concur.