Ben Roin, Plaintiff-Appellant, v. Checker Taxi Company, Inc., and Continental Air Transport Co., Inc., Defendants-Appellees.

Gen. No. 48,691.

First District, Second Division.

June 12, 1962.

Rehearing denied September 11, 1962.

447

David, Fainman, Abrahams & Chapman, and Charles W. Pressman, of Chicago (Dan R. Roin and Charles W. Pressman, of counsel), for appellant.

William C. Wines, of Chicago, for appellees.

MR. JUSTICE BRYANT delivered the opinion of the court:

Plaintiff seeks damages for personal injuries sustained while riding as a passenger in a taxicab owned and operated by defendant, Checker Taxi. Negligence has been admitted and an interlocutory judgment of liability was entered against both defendants on April 23, 1957. The cause remained on the trial call only for a prove-up of damages.

While attorneys for plaintiff and defendants were engaged in negotiating a settlement, the cause appeared on the trial call on May 1, 1961 and was dismissed for want of prosecution. This occurred because of the failure of defendants' attorney to answer the call and seek a continuance as had been previously agreed upon between opposing counsel. The same day plaintiff's attorney requested and obtained from opposing counsel a stipulation to reinstate the cause. The stipulation read as follows:

> "It is hereby stipulated by and between the parties, by their respective attorneys, that the order of dismissal heretofore entered herein on April 27, 1961, be vacated and set aside, and that said cause be reinstated and placed at the bottom of the call below the black line."

448

The date in the stipulation "April 27, 1961" is a clerical error and the stipulation is to be read as referring to the May 1st dismissal for want of prosecution.

In early June plaintiff's attorney appeared before Judge Ward to reinstate the case pursuant to the stipulation. However, the Judge refused to enter the order for the reason that he was without jurisdiction since more than thirty days had elapsed since the entry of the order of dismissal. While still in the courtroom after the Judge had left the bench, plaintiff's attorney encountered his opposing counsel who stated that the court had no right to refuse to enter the order of reinstatement in view of the stipulation and that he, the opposing counsel, would see what he could do about having the order entered and the case reinstated. The foregoing facts are taken from a petition of October 6, 1961 and attached affidavit, and are uncontroverted.

On June 13, 1961 an order in accordance with the stipulation was entered by the court, vacating the order of dismissal and reinstating the cause on the trial call. On July 26, 1961 an order was entered authorizing a substitution of attorneys for plaintiff. On the same date a motion was made by plaintiff to show cause why defendants and Transportation Maintenance Corporation should not be held in contempt of court for failure to answer certain interrogatories previously filed and for failure to appear for a deposition pursuant to a deposition subpoena. The motion for a rule to show cause, however, was never ruled on by the lower court, because at this time defendants' counsel for the first time raised the objection that the order of reinstatement was void for want of jurisdiction, and the court entered an order allowing defendants thirty days within which to file an answer or other pleadings to plaintiff's motion for a rule to show cause. Defendants filed objections, plaintiff filed an alternative motion to strike the objections, brief argument was had on September 7, 1961 and the matter was con-

449

tinued until September 8, 1961. This phase of the controversy was never resumed, however, because on September 8 Judge Ward on his own motion summarily vacated the order of reinstatement entered on June 13, 1961 stating that he had no jurisdiction over the cause on that date. Plaintiff emphasizes in his brief before us, and this is not challenged by defendants, that at no time have defendants filed any pleadings whatsoever asking that the order of June 13 be vacated because it was entered without jurisdiction, or for any other reason. It should also be noted at this point that in the vacating order of September 8 the court manually struck from the order presented to it the following: "That no stipulation to vacate the dismissal order was filed in this cause at least it does not bear a filing stamp."

On October 6, 1961 plaintiff presented a verified petition, supported by affidavits and other documents, to vacate the order of dismissal of May 1, or alternatively, to vacate the order of September 8 which had vacated the reinstatement of June 13. No counter-affidavits were filed by defendants denying any of the allegations of the petition, but the petition was summarily denied by the court and this appeal followed.

 Our opinion rests on the following grounds. The order of September 8, which vacated the order of reinstatement of June 13 because the latter was after term time, is erroneous. The applicable rule derived from the cases is that a court may vacate or modify its judgment, after it has otherwise lost jurisdiction through the passage of time, when all the parties to the suit consent to it. Brown v. Miner, 408 Ill 123, 96 NE2d 530; Steinhagen v. Trull, 320 Ill 382, 151 NE 250; Reisman v. Central Mfg. Dist. Bank, 316 Ill App 371, 45 NE2d 90. The stipulation to vacate the order of dismissal was a valid and binding stipulation which the defendants cannot challenge on

the basis of some mental reservation not expressed in the stipulation. That the court regarded the stipulation as valid when the case was reinstated on June 13 is evidenced by the fact that in the subsequent vacating order of September 8 the court manually struck out that portion of the prepared order which found that no valid stipulation had been filed. The policy of the courts is to enforce stipulations fairly made relating to the conduct of suits, unless good reason is shown to the contrary. People v. Spring Lake Drainage & Levee Dist., 253 Ill 479, 493, 97 NE 1042; Chicago & N. W. Ry. Co. v. Hintz, 132 Ill 265, 23 NE 1032. Defendants contention that the stipulation was not intended to be used after 30 days from the entry of the order of dismissal is without merit because no such limitation was expressed in the stipulation, and no showing has been made as to any improper use of the stipulation.

Likewise there is no foundation in fact or law for defendants' attorney's argument that he was without authority to execute such a stipulation which could be binding beyond thirty days. There was apparent authority, and the stipulation was executed without containing any time limitation. The stipulation is binding upon the client. American Car Co. v. Industrial Comm., 335 Ill 322, 167 NE 80; see Village of Dolton v. Dolton Estate, 331 Ill 88, 162 NE 214.

Plaintiff's verified petition of October 6, from which this appeal was taken, was supported by affidavits and other documents showing why the cause was properly reinstated and should not have been vacated. No counteraffidavits were filed denying any of the allegations of the petition. The equities are strongly with the plaintiff; defendants have admitted liability.

The order of September 8 vacating the reinstatement was erroneous, and it was consequently an abuse of

451

discretion to deny plaintiff's petition of October 6, 1961 asking to have the September 8 order vacated. The orders of October 6 and September 8 are reversed and set aside, and the cause is remanded with directions to reinstate the order of June 13 which itself reinstated the cause and placed it on the trial call.

■ Plaintiff's requests for further relief centering on the rule to show cause are not properly before us because the motion on which they are based was never ruled on by the lower court.

Reversed and remanded with directions.

FRIEND, P. J. and BURKE, J., concur.