GEORGETTE LEWIS, Plaintiff-Appellant, *v.* ILLINOIS INSTITUTE OF TECHNOLOGY *et al.*, Defendants-Appellees.

First District (4th Division)   No. 76-1396

Opinion filed July 7, 1977.

John J. Lowrey, of Chicago, for appellant.

No brief filed for appellees.

Mr. JUSTICE LINN delivered the opinion of the court:

The plaintiff, Georgette Lewis, filed suit in the circuit court of Cook County, against defendants, the Illinois Institute of Technology and the IIT Research Institute. She appeals from the entry of summary judgment in favor of defendants and from the court's denial of her motion to file an amended complaint. Although defendants have not filed a brief in the case, the record and the issues are such that we will determine the case on the merits. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The issues for review are whether the court erred in granting summary judgment and whether the court improperly denied the motion for leave to file an amended complaint.

On January 26, 1976, plaintiff filed suit alleging that the plaza at 10 West 35th Street in the city of Chicago, where she fell and sustained injuries on January 28, 1974, was in a defective condition. She alleged, *inter alia*, in two separate counts of the complaint, that each defendant owned, designed, maintained, and controlled the plaza, and that each was guilty of specific acts of negligence.

On May 20, 1976, defendants, by the same attorney, answered the complaint and admitted in two separate counts that each owned, controlled and maintained the plaza, but each denied that it was in a defective condition, and denied the specific allegations of negligence.

On August 24, 1976, defendants' attorney filed a "motion to Strike and Dismiss Complaint" stating that at the time of the injury plaintiff was in the employ of both defendants, that the injury arose out of and in the course of her employment, and her exclusive remedy is under the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.1 *et*

*seq.*). No discovery had been conducted and no supporting affidavits were filed in behalf of defendants. After a hearing on August 24, 1976, the court dismissed the complaint.

On September 23, 1976, the plaintiff filed a motion to vacate the order of August 24, 1976, and to file an amended complaint. The amended complaint explicitly alleged that plaintiff worked for the IIT Research Institute, which was a separate entity from the Illinois Institute of Technology. After a hearing the motions were denied.

The motion granted by the court on August 24, 1976, was titled a "Motion to Strike and Dismiss Complaint." The trial court, however, apparently treated it as a motion for a summary judgment under section 57 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 57) because the answer, which had already been filed, was not withdrawn. *Morris v. Goldthorp* (1945), 390 Ill. 186, 189, 60 N.E.2d 857; *Kovalik v. Baldwin* (1954), 3 Ill. App. 2d 210, 212, 121 N.E.2d 53; *Davidson v. Olivia* (1958), 18 Ill. App. 2d 149, 152, 151 N.E.2d 345.

■■ Summary judgment is properly granted where there is no genuine issue as to any material fact, and the court is to determine the existence or absence of a genuine issue as to any material facts from the affidavits, depositions, admissions, exhibits and pleadings in the case. (Ill. Rev. Stat. 1975, ch. 110, par. 57(3); *Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 380, 313 N.E.2d 457; *Econo Lease, Inc. v. Noffsinger* (1976), 63 Ill. 2d 390, 393, 349 N.E.2d 1.) A court has the duty to construe evidence strictly against the moving party and liberally in favor of the opponent (*Clausen v. Ed Fanning Chevrolet, Inc.* (1972), 8 Ill. App. 3d 1053, 1057, 291 N.E.2d 202; *Ruby v. Wayman* (1968), 99 Ill. App. 2d 146, 150, 240 N.E.2d 699), and it is well settled that the right to summary judgment must be free from doubt and determinable solely as a question of law (*Reith v. General Telephone Co.* (1974), 22 Ill. App. 3d 337, 339, 317 N.E.2d 369; *Hernandez v. Trimarc Corp.* (1976), 38 Ill. App. 3d 1004, 1006, 350 N.E.2d 202).

■■ In this case, there were no supporting affidavits filed, and there were no depositions or admissions upon which the court could properly base its decision. (*Stifel, Nicolaus & Co. v. Coloia* (1971), 2 Ill. App. 3d 224, 228, 276 N.E.2d 408.) Thus, the issue of whether the Illinois Institute of Technology and the IIT Research Institute were separate entities was unresolved. We hold that it was error for the court to have granted the motion for summary judgment.

■■ We also hold that it was legally inappropriate not to allow the plaintiff to file an amended complaint. Section 46(1) of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 46(1) provides that amendments may be allowed at any time before final judgment on just and reasonable terms to allow plaintiff the opportunity to sustain his claim. See

*Washington v. Atlantic Richfield Co.* (1976), 36 Ill. App. 3d 344, 350, 342 N.E.2d 271, *rev'd on other grounds* (1976), 66 Ill. 2d 103, 361 N.E.2d 282); and *Scardina v. Colletti* (1965), 63 Ill. App. 2d 481, 491, 211 N.E.2d 762.

Accordingly, the judgment of the circuit court of Cook County is reversed and the cause remanded with directions to allow plaintiff the opportunity to file an amended complaint.

Reversed and remanded with directions.

JOHNSON and ROMITI, JJ., concur.