JOHN STROZEWSKI, a Minor, by Conrad Strozewski, his Father and Next Friend, Plaintiff-Appellant, *v.* SHERMAN EQUIPMENT COMPANY *et al.*, Defendants.—(CONTROL HEADQUARTERS, INC., Defendant-Appellee.)

First District (2nd Division)    No. 78-252

Opinion filed September 4, 1979.

Vincent C. Lopez, of Chicago, for appellant.

James R. Quinn, of Chicago (Thomas C. Broderick, of counsel), for appellee.

Mr. JUSTICE HARTMAN delivered the opinion of the court:

John Strozewski, a minor, by his father and next friend, Conrad Strozewski, filed the instant lawsuit in Cook County circuit court on May 29, 1973, alleging, in part, that John Strozewski was injured when his foot became caught in one of the steel rollers used to pull automobiles through a carwash, resulting in severe and permanent personal injuries. Initially suing only the carwash conveyor system manufacturer, plaintiff added five more defendants in five amendments, one being Control Headquarters, Inc. (hereinafter "Control"), alleged to have designed and manufactured the electrical power system involved. The amendment relating to Control was contained in count IV of the complaint, which was filed on December 18, 1975. This appeal is taken from trial court orders striking and dismissing count IV of plaintiff's complaint as amended and cause of action as to Control, and denying plaintiff's motion to reinstate his cause of action and for leave to file his sixth amendment to the complaint, as count VII.

For the reasons hereinafter stated we reverse and remand.

Following the filing of count IV, Control's motion of March 19, 1976, which sought to vacate any and all defaults, for leave to file an appearance, and for additional time to answer or otherwise plead, was granted. On March 26, 1976, Control filed its answer to the complaint on its merits in which each of the allegations set forth in count IV was alternatively admitted, denied or answered with the assertion of insufficient knowledge and a demand for strict proof. On December 13, 1976, Control filed a motion to strike count IV "* * * for the reason that said count contains allegations of strict liability and negligence within the same count." That motion was allowed on the same day by an order which also granted plaintiff 28 days within which to file an amended complaint. No motion was previously filed by Control nor any order entered by the trial court disposing of Control's original answer to plaintiff's initial pleading by withdrawal, vacatur or amendment.

On May 20, 1977, Control moved for an order dismissing plaintiff's complaint as to Control on the ground that the order entered December 13, 1976, allowed plaintiff 28 days within which to file an amended complaint and that up to the time of the filing of the motion no such amended complaint had been filed. Plaintiff's attorney objected to the motion on the ground that Control's motion to strike of the previous December was ineffective because its answer to the complaint had been filed and had never been withdrawn. The trial court nevertheless dismissed count IV on June 3, 1977, and found no just cause to delay enforcement or appeal.

Plaintiff sought to reinstate his cause of action and leave to file an amended complaint instanter on July 5, 1977, which was continued until November 15, 1977, and was subsequently denied. Plaintiff's motion for rehearing on December 1, 1977, was thereafter filed which stated that the complex nature of the machinery involved in the accident had required analysis of more than 65 blueprint machine drawings, the taking of depositions on nine different occasions, voluminous pleadings by plaintiff, among other things; that plaintiff's attorney had not been aware of Control's answer to count IV at the time of the December 13, 1976, hearing on the motion to strike; and that when he discovered Control's answer, which had not been withdrawn prior to filing the motion to strike, he had a conversation with counsel for Control and they agreed that because the complicated nature of the machine involved would probably necessitate an amendment to the complaint after further discovery, neither side would "* * * disturb the situation until the discovery was substantially performed." It was further alleged in the motion for rehearing that Control was represented by counsel at five depositions held on February 21, April 19, May 3, May 4 and May 6, 1977, and that after the motion to dismiss was granted Control was again represented by counsel at all subsequent depositions which were taken on August 16, September 8 and September 23, 1977. Plaintiff concluded that Control had not been inconvenienced and would not be inconvenienced by reinstatement of plaintiff's cause of action against it and the filing of an amendment to his complaint. Plaintiff's motion for rehearing was denied on December 1, 1977.

■■■ Plaintiff urges error in the entry of the orders of December 13, 1976, June 3, 1977, November 15, 1977, and December 1, 1977. Control submits that plaintiff is barred from attacking the order of December 13, 1976, because he did not designate that order in his notice of appeal so that it is not properly before this court. The order of December 13, 1976, striking count IV was not final and could not itself provide a basis for appeal. (See *Browning v. Heritage Insurance Co.* (1974), 20 Ill. App. 3d 622, 623, 314 N.E.2d 1.) Since the validity of the June 3, 1977, order is dependent, in part, upon the December 13, 1976, order, both orders are properly before this court for review. *Doner v. Phoenix Joint Stock Land Bank* (1942), 381 Ill. 106, 109, 45 N.E.2d 20; Supreme Court Rule 366(b)(1)(i), Ill. Rev. Stat. 1977, ch. 110A, par. 366(b)(1)(i).

Plaintiff acknowledges that had Control first sought and received leave of court to withdraw its answer for the purpose of filing a motion to strike in order to test the legal sufficiency of his complaint, the order striking the complaint would have been proper, citing *Ingersoll v. Klein* (1970), 46 Ill. 2d 42, 262 N.E.2d 593; *Morris v. Goldthorp* (1945), 390 Ill. 186, 60 N.E.2d 857; *Davidson v. Olivia* (1958), 18 Ill. App. 2d 149, 151

N.E.2d 345; and *Kovalik v. Baldwin* (1954), 3 Ill. App. 2d 210, 121 N.E.2d 53. He maintains that the trial court in the instant case erred in having granted Control's motion to strike while its answer was still on file, citing by analogy *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 406, 312 N.E.2d 605, and relying upon *Rothenberg v. Seifried* (1944), 322 Ill. App. 701, 54 N.E.2d 707 (abstract), and *Bransfield v. Bransfield* (1941), 310 Ill. App. 394, 34 N.E.2d 83 (abstract). Defendant Control does not distinguish the foregoing authorities but claims that because plaintiff was aware of defendant's omission and made no attempt to bring the alleged error to the trial court's attention until June 3, 1977, when a hearing was held on defendant's motion to dismiss, plaintiff acquiesced in the error and cannot thereafter complain, citing *Meyer v. Polivat* (1957), 13 Ill. App. 2d 491, 492, 142 N.E.2d 747, and *Alan Drey Co. v. Generation, Inc.* (1974), 22 Ill. App. 3d 611, 317 N.E.2d 673.

■■■ Control recognizes that an agreement had been reached by the attorneys representing Control and plaintiff whereby both sides would proceed with discovery and leave the status of the pleadings temporarily unchanged, but questions whether the agreement was made during February of 1977, and asserts it was never contemplated that the status of the pleadings would remain unchanged indefinitely. Without setting forth supporting reasons, it states that the agreement was not of record, is possessed of no legal significance, and cannot be considered by this court in the disposition of the appeal. We disagree. Such agreements need not be in writing (*Toupin v. Gargnier* (1850), 12 Ill. 79), nor need they be made in open court, and if acted upon are enforceable (*Chicago & Northwestern Ry. Co. v. Hintz* (1890), 132 Ill. 265, 267, 23 N.E. 1032). A stipulation or agreement between the parties or their attorneys with respect to business before the court is looked upon with favor when designed to simplify, shorten or settle litigation and save costs to the parties. (*Kazubowski v. Kazubowski* (1968), 93 Ill. App. 2d 126, 134, 235 N.E.2d 664.) Stipulations and agreements affecting the conduct of suits will be enforced unless there is a proper showing that they are unreasonable, violative of public morals or the result of fraud. (*In re Estate of Moss* (1969), 109 Ill. App. 2d 185, 248 N.E.2d 513.) No such claim is made by Control in the instant case. The absence of a time limit within which the stipulation was to continue does not necessarily render it void or unenforceable. (*Roin v. Checker Taxi Co.* (1962), 36 Ill. App. 2d 447, 184 N.E.2d 736.) That defendant Control regarded the stipulation as valid as well as plaintiff is inferable from the fact that Control was represented by its attorney at depositions which were held on February 21, April 19, May 3, May 4 and May 6, 1977. *Meyer v. Polavit* and *Alan Drey Co. v. Generation, Inc.*, relied upon by Control, are inapposite. The alleged

erroneous instruction in *Meyer* was submitted by the complaining party herself and the hearing of which complaint was made in *Alan Drey Co.* was held pursuant to that party's own stipulation. The circumstances in the present case demonstrate the significant differences. It was error to strike plaintiff's complaint while an answer was on file, to dismiss plaintiff's cause of action against Control, to deny plaintiff the right to reinstate the cause, and for leave to file an amendment which would have cured such a minor defect as may have existed in plaintiff's original count IV, particularly since Control attended to the litigation during the entire period of delay and would not have been prejudiced by the reinstatement and filing of an amended pleading. *Johnson v. Chicago & Western Indiana R.R. Co.* (1973), 11 Ill. App. 3d 817, 822, 298 N.E.2d 3.

■■ Defendant Control maintains that it was within the trial court's discretion to dismiss a cause of action for failure to file an amended complaint within a specified period of time, citing *Shroat v. Robins* (1972), 7 Ill. App. 3d 293, 287 N.E.2d 157; *King v. Donahue* (1966), 70 Ill. App. 2d 481, 216 N.E.2d 824 (abstract); and *Coatie v. Kidd* (1958), 17 Ill. App. 2d 289, 149 N.E.2d 646 (abstract). In *Shroat,* however, plaintiff was given 20 days to file an amended complaint from the date the complaint was stricken but waited for six months thereafter before filing a pleading, and then did so without leave of court. No extension of time was sought in that case, no affidavit to excuse the tardiness nor any other attempt was made by that plaintiff to show cause for plaintiff's actions. In *King,* plaintiff filed an amended complaint 14 months after the 10 days within which he was given leave to file an amended complaint and did so without any further request for an extension of time or citing any reason for the delay. In *Coatie,* plaintiff failed to file an amended complaint within the 30-day period granted and made no subsequent requests for additional time nor sought leave to file an amended complaint after the expiration of the time fixed. In light of the facts of the case *sub judice,* wherein the parties agreed to allow the pleadings to stand as they were until discovery concerning the complicated machinery involved had been undertaken, plaintiff's failure to file the amended pleading within the time allowed was agreed to by defendant Control and was excusable. Plaintiff's neglect was not a deliberate, unwarranted, contumacious disregard of the court's authority (*In re Estate of Lipchik* (1975), 27 Ill. App. 3d 331, 326 N.E.2d 464), and his cause of action should not have been dismissed.

■ Defendant Control argues that plaintiff's motion to reinstate the cause of action and for leave to file its amendment to the complaint was undertaken after the expiration of 30 days from the order of June 3, 1977, namely, July 5, 1977. It appears, however, that the 30th day following the

order of June 3, 1977, was July 3, a Sunday, followed by July 4, a Monday, which was a legal holiday, which permitted his motion to be filed on July 5. (Ill. Rev. Stat. 1977, ch. 131, par. 1.11.) The motion to reinstate therefore was within the 30-day period prescribed by section 50(5) of the Civil Practice Act. Ill. Rev. Stat. 1977, ch. 110, par. 50(5).

■■ Finally, defendant Control states that the trial court had no alternative but to deny plaintiff's motion to file another amendment to his complaint because final judgment had been entered against the plaintiff on June 3, 1977, relying upon section 46(1), (3) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 46(1), (3)) and *Soverino v. Baltimore & Ohio R.R. Co.* (1954), 2 Ill. App. 2d 357, 119 N.E.2d 494. In *Soverino*, the court held that after final judgment, a complaint may be amended only to conform the pleadings to the proof. Plaintiff acknowledges the validity of the rule but contends that it is not applicable because his motion for reinstatement and for leave to file his amendment to the complaint, count VII, was presented as a single motion under section 50(5) seeking two kinds of relief: first, the reinstatement of his cause of action, and second, leave to file his amendment. The finality of the June 3, 1977, order once vacated would have been dissipated and the right to file the amendment could have been exercised. We agree. In *Soverino*, the plaintiff failed to file an affidavit in support of his motion, then required by section 50(7) of the Civil Practice Act (Ill. Rev. Stat. 1953, ch. 110, par. 174(7)), predecessor of current section 50(5). Furthermore, the complaint in that case was stricken for failure to state a cause of action and the suit subsequently dismissed. In the present case the complaint was stricken for a technical deficiency in the pleadings and the underlying reasons for the delay were fully brought to the attention of the court.

For the foregoing reasons, the orders of the trial court must be reversed and the cause remanded for further proceedings consistent with the views herein expressed.

Reversed and remanded.

STAMOS, P. J., and PERLIN, J., concur.