TODD B. MORAN *et al.*, Plaintiffs-Appellants, v. GUST K. NEWBERG/ DUGAN AND MEYERS *et al.*, Defendants-Appellees (Illinois Sports Facilities Authority *et al.*, Defendants).

First District (4th Division)    No. 1—94—0694

Opinion filed December 29, 1994.

James A. Coghlan, Ltd., of Hinsdale (James A. Coghlan, of counsel), for appellants.

Peterson & Ross (Thomas F. Lucas, of counsel), and O'Connor, Schiff & Myers (Loretta M. Griffin, Kevin F. Donohue, and Gregory G. Balos, of counsel), both of Chicago, for appellees.

PRESIDING JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiffs, Todd B. Moran and Mary B. Moran, appeal from an order dismissing their complaint with prejudice under section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1992)). We consider: (1) whether the trial court improperly considered the defendants' affidavits which did not comply with Supreme Court Rule 191 (134 Ill. 2d R. 191), and a document which was confidential; (2) whether the defendants were entitled to the dismissal of the plaintiffs' complaint as barred under the exclusive remedy provision of the Workers' Compensation Act (820 ILCS 305/5(a) (West 1992)), when the complaint alleged that the plaintiff was an employee of a joint venturer; and (3) whether the trial judge abused his discretion in denying the plaintiffs' motion to amend their complaint. For the following reasons, we affirm.

The plaintiff, Todd B. Moran, filed a claim for workers' compensation benefits for injuries he sustained while working for his employer, Gust K. Newberg Construction Company, Inc. (Newberg Construction), during the construction of a baseball stadium. As part of that proceeding, the parties stipulated that the plaintiff was an employee of Newberg Construction. The defendant, Liberty Mutual Insurance Company, Inc. (Liberty Mutual), insured Newberg Construction for workers' compensation claims.

Subsequently, the plaintiffs filed a four-count complaint on December 11, 1992, against the defendants, Gust K. Newberg/Dugan & Meyers (the joint venture), Dugan & Meyers Interests, Inc., d/b/a Dugan & Meyers Construction Company (Dugan & Meyers Construction), and Liberty Mutual, seeking to recover for the same injuries. The plaintiffs alleged the defendants were negligent and violated the Structural Work Act (740 ILCS 150/1 *et seq.* (West 1992)).

The joint venture and Dugan & Meyers Construction filed a motion to dismiss under section 2—619 arguing that the plaintiff was

actually an employee of the joint venture, as opposed to an employee of Newberg Construction, as the plaintiffs alleged. As a result, the defendants argued the plaintiffs' claim against them was barred by the exclusive remedy provision of the Workers' Compensation Act (820 ILCS 305/5(a) (West 1992)). The defendants alternatively argued that even if the plaintiffs' allegation that the employer was Newberg Construction was true, an action against the defendants would still be barred. The defendants relied on several documents including the joint venture agreement which provided that Newberg Construction and Dugan & Meyers Construction would form a joint venture to submit a bid and, if successful, construct a baseball stadium. The joint venture was the successful bidder. The agreement provided:

"The parties hereby form a Joint Venture *** for the sole purpose of preparing and submitting the bid and executing, carrying out, and performing the Contract to be entered into with the Owner. The Joint Venture is limited to such bidding and Contract for the Project. Otherwise, each of the Joint Venturers may carry on its separate business for its sole benefit.
***
*** Nothing contained in this Agreement shall be construed to create a partnership between the parties or give rise to any agency relation except as specifically necessary and set forth in this Agreement for performance of the Contract. The Joint Venturers shall be joint venturers only with respect to preparation and submission of the Proposal and performance of the Contract, and nothing contained in this Agreement shall render any Joint Venturer liable for any debts or obligations unrelated to the Joint Venture."

The defendants also relied on the affidavits of David A. Logston, risk manager for Newberg/Perini, and Francis R. Dugan, president of Dugan & Meyers Construction, to support their motion to dismiss. Logston stated in his affidavit that the plaintiff was an employee of the joint venture, he was paid from the joint venture's funds, and Newberg Construction's only connection to the job was as a joint venturer. It is not clear from Logston's affidavit what connection Newberg/Perini had to the job. Dugan stated in his affidavit that the only connection Dugan & Meyers Construction had to the job was as a joint venturer.

Liberty Mutual, Newberg Construction's insurer, joined in the motion to dismiss and argued that under section 5(a) the plaintiffs' action against it was barred.

In response, the plaintiffs argued the plaintiff was an employee of Newberg Construction and submitted certain documents in opposition

to the motion including the plaintiff's affidavit. The plaintiff stated that he was an employee of Newberg Construction and his supervisors there told him to report to the jobsite. When he arrived at the jobsite on his first day, he signed an employee card for Newberg Construction. While working there, he reported to his supervisors at Newberg Construction and used Newberg Construction equipment. He never reported to or worked for any employer other than Newberg Construction at the jobsite. He also stated that he did not consent to work for any other employer at the jobsite.

The plaintiffs also submitted several other documents in opposition to the motion to dismiss including an employee card from Newberg Construction signed by the plaintiff which stated that "Your signature on this card establishes you as an employee of the company"; the plaintiff's workers' compensation claim identifying Newberg Construction as his employer; and Newberg Construction's stipulation in the workers' compensation case that it was the plaintiff's employer.

In addition to the documents submitted in response to the motion to dismiss, the plaintiffs moved to strike the affidavits of Logston and Dugan, arguing that they failed to comply with Supreme Court Rule 191 (134 Ill. 2d R. 191). The plaintiffs did not obtain a ruling on the motion at the hearing on the motion to dismiss.

In further support of their motion to dismiss, the defendants submitted additional documents including records from the joint venture showing the plaintiff was its employee. They also submitted a document from the Illinois Department of Employment Security showing the joint venture was the plaintiff's employer when he collected unemployment compensation while he was laid off during the job.

The trial judge, after hearing argument on the motion, found that the joint venture was the employer of all the employees working at the jobsite and any action, other than workers' compensation, against the joint venture or Dugan & Meyers, as a member of the joint venture, was barred. The judge also found the action was barred as to Liberty Mutual. As a result, the judge dismissed the plaintiffs' action against the defendants with prejudice on January 27, 1994. Included in the order was a finding under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) that there was no just reason to delay enforcement or appeal of the order. The plaintiffs filed a timely notice of appeal.

OPINION

Initially, the plaintiffs argue that the affidavits of Logston and

Dugan were improperly considered because they did not comply with Supreme Court Rule 191 and that a document from the Illinois Department of Unemployment Security was confidential under section 1900 of the Unemployment Insurance Act (820 ILCS 405/1900 (West 1992)). The plaintiffs acknowledge that the trial judge did not "directly rule" on their motion to strike, and the transcript of the hearing on the motion to dismiss reveals that it was not mentioned during the hearing. The failure to obtain a ruling on the motion to strike results in a waiver of the issue on appeal (*Intercontinental Parts, Inc. v. Caterpillar, Inc.* (1994), 260 Ill. App. 3d 1085, 631 N.E.2d 1258), and therefore, this court will not consider the issue on appeal.

■ Also, the plaintiffs did not raise any objection in the trial court to the document concerning the plaintiff's unemployment record. A party may not raise an issue on appeal which was not raised in the trial court. (*Foster v. Plaut* (1993), 252 Ill. App. 3d 692, 625 N.E.2d 198.) As a result, the issue relating to this document was waived.

The plaintiffs also assert that the dismissal of their complaint against the joint venture and Dugan & Meyers Construction as barred under the exclusive remedy provision of the Workers' Compensation Act was improper. They contend there were disputed issues of fact which precluded dismissal such as whether he was employed by Newberg Construction and whether there was an agency relationship between Newberg Construction and the joint venture. During oral argument in this court, the plaintiffs conceded that the dismissal of the complaint was proper as to Liberty Mutual.

■ On a motion to dismiss under section 2—619(a)(9), the complaint may be dismissed if "the claim asserted against the defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." (735 ILCS 5/2—619(a)(9) (West 1992).) The party moving to dismiss admits all well-pleaded facts in the complaint, but does not admit conclusions of law. (*Employers Mutual Cos. v. Skilling* (1994), 256 Ill. App. 3d 567, 629 N.E.2d 1145.) A motion to dismiss under section 2—619 allows the trial court to summarily dispose of issues of law or easily proved issues of fact, but a jury trial must be allowed on disputed questions of fact. (*Kedzie & 103rd Currency Exchange, Inc. v. Hodge* (1993), 156 Ill. 2d 112, 619 N.E.2d 732.) The motion to dismiss should be granted when affirmative matter "negates the plaintiff's cause of action completely or refutes critical conclusions of law or conclusions of material, but unsupported, fact." *Employers Mutual Cos.*, 256 Ill. App. 3d at 569, 629 N.E.2d at 1147.

On appeal, the reviewing court does not defer to the trial court's

ruling and considers the issue *de novo*. (*Kedzie & 103rd Currency Exchange*, 156 Ill. 2d 112, 619 N.E.2d 732.) The reviewing court must decide whether there was a genuine issue of material fact which would have precluded the dismissal, or, if there was no such issue of fact, whether the dismissal was proper as a matter of law. *Kedzie & 103rd Currency Exchange*, 156 Ill. 2d 112, 619 N.E.2d 732.

■ The exclusive remedy provision which the defendants rely on is found in section 5(a) of the Workers' Compensation Act. (820 ILCS 305/5(a) (West 1992).) That section provides:

"No common law or statutory right to recover damages from the employer, his insurer, his broker, any service organization retained by the employer, his insurer or his broker to provide safety service, advice or recommendations for the employer or the agents or employees of any of them for injury or death sustained by any employee while engaged in the line of his duty as such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury." 820 ILCS 305/5(a) (West 1992).

In *Smith v. Metropolitan Sanitary District of Greater Chicago* (1979), 77 Ill. 2d 313, 396 N.E.2d 524, the Illinois Supreme Court applied section 5(a) to bar a plaintiff's action for negligence and violation of the Structural Work Act against a member of a joint venture. The plaintiff in *Smith* was employed by the joint venture when he was injured and applied for workers' compensation benefits. The plaintiff also filed suit against several other parties including a member of the joint venture alleging, among other things, negligence and a violation of the Structural Work Act. The joint venture asserted that the plaintiff's claim was barred under section 5(a) of the Workers' Compensation Act and was granted summary judgment.

■ The supreme court in *Smith* found that the same legal principles which govern partnerships apply to determine the rights and liabilities of the members of a joint venture. Because a partner is an agent of the partnership for the purpose of its business, the members of a joint venture are agents of the joint venture and their duties and liabilities are the same as those of the principal, the joint venture. Any claim against the joint venture in *Smith* would be barred under section 5(a) because it was the plaintiff's employer and, as a result, the plaintiff's claim against the member of the joint venture was barred.

■ In the present case, the focus of the plaintiffs' argument is that there was a question of fact as to whether the plaintiff was

employed by Newberg Construction, which should preclude dismissal of their complaint. They contend that the plaintiff could not have been an employee of the joint venture because he did not consent to that relationship relying on *McHugh-Brighton v. Industrial Comm'n* (1969), 42 Ill. 2d 52, 245 N.E.2d 480. In *McHugh-Brighton*, the supreme court considered whether an employee was employed by a joint venturer or the joint venture in a case reviewing the award of workers' compensation benefits to the employee. The court stated that the existence of an employment relationship was governed by the law of contracts and "[o]ne does not enter the employ of another without at least an implied acquiescence in the relationship." (*McHugh-Brighton*, 42 Ill. 2d at 56, 245 N.E.2d at 482.) However, the fact that the plaintiff in this case would have had to acquiesce to an employment relationship with the joint venture does not save the plaintiffs' complaint from dismissal against these defendants.

There is no question in this case that Newberg Construction and Dugan & Meyers Construction entered into a joint venture to build the baseball stadium. The agreement also provided that it should not be construed as creating a partnership or agency relationship "except as specifically necessary and set forth in this Agreement for performance of this Contract." Therefore, the language of the agreement contemplated a partnership or agency relationship if specifically necessary in furtherance of the contract.

The only distinction between *Smith* and the present case is that here, the plaintiffs assert the plaintiff was employed by a member of the joint venture and seek to hold the joint venture and another member of the joint venture liable. The holding of *Smith*, however, is equally applicable here. In *Smith*, the court found that the liabilities of the members of the joint venture and the joint venture are coextensive. Therefore, the liability of the joint venture and Dugan & Meyers is the same as the liability of Newberg Construction.

Accepting the plaintiffs' allegations as true and considering the evidence submitted in support that the plaintiff was employed by Newberg Construction, section 5(a) bars any claim by the plaintiffs against Newberg Construction other than for workers' compensation. Because Newberg Construction was a member of the joint venture and under the holding of *Smith*, section 5(a) also bars any other claim against the joint venture or Dugan & Meyers Construction, which was also a member of the joint venture. Therefore, the dismissal of the plaintiffs' complaint against the joint venture and Dugan & Meyers was proper.

■ The plaintiffs also argue that the trial judge abused his discretion when he did not allow them to amend their complaint and

instead dismissed their action against the defendants with prejudice. The record establishes that the plaintiffs did not present a proposed amendment to the trial judge. A reviewing court is unable to determine whether the denial of a motion to amend was an abuse of discretion when the proposed amendment was not presented to the trial court and not included in the record on appeal. (*Eyman v. McDonough District Hospital* (1993), 245 Ill. App. 3d 394, 613 N.E.2d 819.) The plaintiffs here rely on *Lewis v. Illinois Institute of Technology* (1977), 50 Ill. App. 3d 418, 365 N.E.2d 1079, for their argument that they should have been allowed to amend the complaint. However, in *Lewis* the proposed amendment was part of the record on appeal, unlike the present case. As a result, this court cannot review this issue.

Even if the plaintiffs did not waive the issue, they could not cure this defect with an amendment. An amendment should be allowed any time before final judgment on just and reasonable terms to allow the plaintiff an opportunity to sustain his claim. (735 ILCS 5/2—616(a) (West 1992); *Lewis*, 50 Ill. App. 3d 418, 365 N.E.2d 1079.) The plaintiff here was either an employee of Newberg Construction or the joint venture at the time of his injuries and in either case, any action against the joint venture or Dugan & Meyers Construction would be barred. The plaintiffs could not allege any facts that would allow them relief.

Affirmed.

JOHNSON[1] and THEIS, JJ., concur.

---

[1]Justice Johnson concurred in the disposition of this appeal before his retirement.